Lester ROARK, Appellant,

v.

ALVA COAL CORPORATION et al., Appellees.

Court of Appeals of Kentucky.

Oct. 18, 1963.

3. The 7.96 acres taken consisted of the entire 960-foot frontage along U.S. 460.

Julian H. Golden, Pineville, for appellant.

William A. Rice, Harlan, for appellees.

MILLIKEN, Judge.

The Harlan Circuit Court affirmed a ruling of the Workmen's Compensation Board which concluded that the claimant, Lester Roark, did not have silicosis and therefore refused him compensation. A referee of the Board had concluded that the claimant was permanently and totally disabled from silicosis, but recommended that the Board appoint a medical specialist in the field to examine him, a recommendation which the Board accepted by appointing Dr. Oscar O. Miller of Louisville. After the examination by Dr. Miller, the receipt of his report and the taking of his deposition, the Full Board concluded, after consideration of all the medical evidence in the record as well as the findings of Dr. Miller, that " * * * we are unable to determine that this plaintiff's disability is the result of any occupational disease."

There is no question but that the claimant had an employment background in the coal fields which could have been a source of silicosis. Certainly, three well qualified physicians testified that they thought he had silicosis. On the other hand, three of the defendants' medical witnesses said that he didn't have silicosis. Dr. Miller concluded "that the findings were compatible with a very early second stage silicosis which in my opinion was not incapacitating * * *. No, he did not have any symptoms of silicosis in my opinion." He said the claimant's disability was caused by emphysema of non-occupational origin.

 The claimant offered sufficient evidence to support an award in his favor had the Board so concluded. The burden of persuasion is upon the claimant. He not only must present a prima facia case, but he must overcome the conflicting evidence of the employer sufficiently to persuade the triers of fact—the Board—to decide in his favor. This Court cannot supplant the Board in its fact finding duty when conflicting evidence is presented to it.

The judgment is affirmed.