**Clifford BRANHAM, Appellant,**

v.

**EASTERN COAL CORPORATION et al.,**
**Appellees.**

Court of Appeals of Kentucky.

April 23, 1965.

Ronald W. May, Combs & May, Pikeville, for appellant.

Baird & Hays, Pikeville, for appellees.

J. W. Craft, Jr., Frankfort, for Special Fund.

CULLEN, Commissioner.

The Workmen's Compensation Board denied the claim of Clifford Branham for compensation for disability from silicosis. The board's opinion stated that the claimant had failed to establish to the satisfaction of the board that he had silicosis. On appeal to the circuit court judgment was entered affirming the order that dismissed the claim. Branham has appealed to this Court from that judgment.

Two doctors testified that Branham had silicosis in an early stage. Four doctors testified that they found no evidence of silicosis (they found other disabling ailments). The referee concluded that there was not sufficient evidence on which to base a finding that Branham was disabled from an occupational disease.

On appeal to the full board an order was entered for the appointment of a disinterested examining physician. The order recited as the reason for such appointment that the board, after reviewing the evidence, was in doubt as to whether the claimant was disabled as the result of an occupational disease.

The disinterested physician made a report, and gave a deposition, stating that in his opinion the claimant had "a mild form of silicosis" or "early category 1 silicosis." However, his opinion was equivocal and lacking in positiveness. The board stated in its final opinion that the physician's testimony was "of such a nature as to leave the Board still in doubt."

In our opinion this is a simple case of conflicting evidence—the kind of case in which the board's finding, whichever way it goes, must be upheld by the courts.

The appellant argues that the board did not actually decide the case as one of conflicting evidence, by choosing to believe one party's evidence rather than the other's; but instead the board based its decision on an erroneous theory of burden of proof, which in effect required the claimant to prove his claim beyond a reasonable doubt.

Where the evidence is conflicting the claimant has the burden of persuasion. His evidence has to be sufficiently strong to persuade the board of the truth of the fact his evidence is designed to establish.

Roark v. Alva Coal Corporation, Ky., 371 S.W.2d 856. In the instant case the board simply was not persuaded.

The record indicates to us that the board reached its decision of the case on the basis of an evaluation of the evidence which it was entitled to make, and not through the imposition of an undue burden of proof. Cf. Lee v. International Harvester Company, Ky., 373 S.W.2d 418.

The judgment is affirmed.