Homer DOBBS, Appellant,

v.

INLAND STEEL COMPANY et al., Appellees.

Court of Appeals of Kentucky.

March 25, 1966.

Rehearing Denied May 20, 1966.

H. B. Noble, C. A. Noble, Jr., Noble & Noble, Hazard, for appellant.

Robert Matthews, Atty. Gen., Frankfort, Howard, Francis & Howard, Prestonsburg, Stuart Alexander, Louisville, for appellees.

WADDILL, Commissioner.

Homer Dobbs appeals from a judgment which affirmed an order of the Workmen's Compensation Board which refused to permit him to recover compensation benefits for disability allegedly due to silicosis.

Appellee, Inland Steel Company, employed Dobbs as a coal miner from 1946 until 1964 when he became ill. Subsequently he filed a claim for compensation against Inland Steel and the latter caused the Special Fund (KRS 342.120) to be made a party to the proceeding.

Three physicians, testifying on behalf of Inland Steel, stated that Dobbs does not have silicosis and it was stipulated that two other physicians would testify to the same effect. Two physicians, one of whom examined Dobbs at the request of the Special Fund, testified that Dobbs is totally disabled from silicosis.

In Horton v. United States Steel Corporation, Ky., 384 S.W.2d 73, as in the instant case, there was a sharp conflict in the expert opinion evidence as to whether the claimant had silicosis. It was there held that the Board's determination upon conflicting evidence is conclusive. Also see Roark v. Alva Coal Corporation, Ky., 371 S.W.2d 856. The principle as set forth in the above cited cases is determinative of the instant one.

The judgment is affirmed.