# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: OCTOBER 29, 2009
NOT TO BE PUBLISHED

# Supreme Court of Kentucky FINAL

## 2009-SC-000004-WC

DATE 11|19|09 *Kelly Klaber D.C.*

HEAVEN HILL DISTILLERIES, INC.            APPELLANT

V.

ON APPEAL FROM COURT OF APPEALS
CASE NO. 2008-CA-001041-WC
WORKERS' COMPENSATION BOARD NO. 05-00194

BONNIE LAWSON;
HONORABLE JAMES L. KERR,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION BOARD          APPELLEES

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

This appeal is taken from the Court of Appeals' decision to reaffirm an award of double income benefits under KRS 342.730(1)(c)2. The claim involved the effects of three work-related accidents. An Administrative Law Judge (ALJ) dismissed the claims for injuries alleged from the first and third accidents but found the claimant to be partially disabled by a psychological condition that resulted from a shoulder injury incurred in the second accident. Having found that she returned to work at the same or a greater wage after the injury, the ALJ awarded double income benefits.

The employer asserts that the Court of Appeals erred by failing to remand the claim and direct the ALJ to reconsider the matter of a double

benefit. Arguing that the claimant failed to prove her entitlement, the employer maintains that the medical evidence related the psychological condition to all of the alleged injuries and that the claimant returned to work after the last injury at a wage that was less than when injured.

We affirm. A remand is unnecessary because substantial evidence related the claimant's psychological condition to the October 2003 shoulder injury. She returned to work after the shoulder injury earning the same or a greater wage than at the time of the injury.

The claimant worked in the defendant's distillery as a quality control inspector on the labeling line. She inspected bottles of various sizes and removed those that failed to meet specifications. Her application for benefits alleged a May 6, 2003, low back injury and an October 7, 2003, neck and shoulder injury.[1] She moved to amend the claim sometime thereafter to allege December 16, 2004, hand and wrist injuries and also to allege a psychological condition that resulted from all of the injuries.

The claimant earned $578.00 per week on October 7, 2003, and returned to work at the same or a greater wage. She earned $639.78 per week on December 16, 2004, but returned to work at $622.00 per week.

After reviewing the conflicting lay and medical evidence, the ALJ determined that claimant failed to prove compensable spine, hand, or wrist injuries. The ALJ found that she did sustain a shoulder injury but awarded

---

[1] Although medical records refer to an October 7, 2003, neck and shoulder injury, the parties stipulated to October 27, 2003, as the date. Consistent with the stipulation, the ALJ stated that the injury occurred on October 27, 2003.

only future medical benefits because no physician testified that the injury produced a permanent impairment rating. The ALJ also found that the claimant sustained a psychological injury "related to her physical injury," basing the decision on the testimonies of Drs. Allen and Cooley as well as on pain management records from Flaget Hospital. Having found that the claimant returned to work at an average weekly wage the same or greater than she earned when she injured her shoulder and that she was not working presently, the ALJ awarded a double income benefit based on the 10% permanent impairment rating that Dr. Allen assigned to the psychological condition.

Asserting that the Court of Appeals erred by failing to remand the claim and direct the ALJ to reconsider the award, the employer argues that the medical evidence related the psychological condition to all of the alleged injuries. The employer also argues that when read in conjunction with KRS 342.730(1), KRS 342.730(1)(c)2 requires the cessation of employment to result from the worker's disability. We disagree with the first argument and decline to consider the second argument because it was not raised below and is not properly before the court.

A worker bears the burden of proof and risk of non-persuasion before the fact-finder with regard to every element of a claim.[2] KRS 342.285 gives an ALJ the sole discretion to determine the quality, character, and substance of

---

[2] <u>Roark v. Alva Coal Corporation</u>, 371 S.W.2d 856 (Ky. 1963); <u>Wolf Creek Collieries v. Crum</u>, 673 S.W.2d 735 (Ky.App. 1984); <u>Snawder v. Stice</u>, 576 S.W.2d 276 (Ky.App. 1979).

evidence.[3] An ALJ may reject any testimony and believe or disbelieve various parts of the evidence, regardless of whether it comes from the same witness or the same adversary party's total proof.[4] Although a party may note evidence that would have supported a different decision, such evidence is not an adequate basis for reversal on appeal.[5] When the party with the burden of proof prevails before the ALJ, that party's burden on appeal is to show that substantial evidence supported the finding, i.e., that the finding was reasonable under the evidence.[6]

Two medical experts testified in the psychological portion of the claim. Dr. Allen, a licensed clinical psychologist, testified on the claimant's behalf. Dr. Cooley, a psychiatrist, testified for the employer. Their testimony provided substantial evidence to support the ALJ's findings.

Dr. Allen evaluated the claimant in November 2006. He noted that she gave a history of the work-related accidents and alleged injuries. He also noted that she reported significant pain-related symptoms, particularly in the past three years, and that she attributed them "to her occupational accidents." He assigned a 10% permanent impairment rating based on depression and stated that no portion of the impairment existed before the injury.

---

[3] Paramount Foods, Inc. v. Burkhardt, 695 S.W.2d 418 (Ky. 1985).

[4] Caudill v. Maloney's Discount Stores, 560 S.W.2d 15, 16 (Ky. 1977).

[5] McCloud v. Beth-Elkhorn Corp., 514 S.W.2d 46 (Ky. 1974).

[6] Special Fund v. Francis, 708 S.W.2d 641, 643 (Ky. 1986); Paramount Foods, Inc. v. Burkhardt, supra; Mosley v. Ford Motor Co., 968 S.W. 2d 675 (Ky. App. 1998); REO Mechanical v. Barnes, 691 S.W.2d 224 (Ky. App. 1985).

Dr. Cooley evaluated the claimant for the employer in March 2007, after which he prepared a report and was deposed. His report indicates that the evaluation pertained to an October 7, 2003, injury. It states subsequently that the employer asked him to evaluate the claimant "to see if she retains any sort of permanent psychological impairment as a result of the accident in question, which occurred on October 7, 2003. . . ."

The claimant gave Dr. Cooley a history of the May 2003 back injury and December 2004 hand and wrist injury as well as of the October 2003 neck and shoulder injury. He noted that she reported experiencing sharp pain in her right shoulder as she bent over to pick up a bottle off the assembly line. He also noted that Drs. Malik, Hagan, and Shea treated the injury and that Dr. Geevarghese eventually provided injections for pain. Nonetheless, shoulder pain continued to wake her at night. He assigned a 10% impairment rating based on mild depression that was "caused by the accident in question" and recommended medication. He stated when deposed that the claimant's physical pain helped to cause her depression and that the severity of her depression increased with the severity of her pain. He also stated that technically she was not at maximum medical improvement (MMI) because her depression would probably lessen if treated with medication.

Records from Flaget Hospital Pain Management indicated that claimant reported no low back, cervical, or hand complaints but did complain of shoulder pain. Dr. Geevarghese administered at least one injection for what he

diagnosed as myofascial pain. In his opinion she had greater psychological than physiological problems.

Considered as a whole, the lay and medical evidence supported the finding that the claimant's psychological condition resulted from her shoulder injury. Substantial evidence indicated that the first and third accidents did not produce the alleged spine, hand, and wrist injuries. Although Dr. Allen related the psychological condition to all of the injuries, pain management records from Flaget Hospital indicate that the claimant attributed her ongoing pain and discomfort to the shoulder injury. Likewise, Dr. Cooley clearly attributed the condition to the shoulder injury. The ALJ did not err by awarding a double benefit because the claimant returned to work after the shoulder injury earning the same or a greater wage than she earned at the time of the injury.

The decision of the Court of Appeals is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT,
HEAVEN HILL DISTILLERIES, INC.:

Walter Elliott Harding
Boehl, Stopher, & Graves, LLP
2300 Aegon Center
400 W. Market Street
Louisville, KY  40202-3351


COUNSEL FOR APPELLEE,
BONNIE LAWSON:

Ben Thomas Haydon, Jr.
118 E. Broadway
P.O. Box 1155
Bardstown, KY  40004