COMMONWEALTH of Kentucky,
UNINSURED EMPLOYERS'
FUND, Appellant

v.

Jessie ROGERS, d/b/a Quality Exteriors;
William Willis Ballard; Honorable
Edward D. Hays, Administrative Law
Judge; and Workers' Compensation
Board, Appellees.

No. 2011–SC–000335–WC.

Supreme Court of Kentucky.

April 26, 2012.

Rehearing Denied Oct. 25, 2012.

Charles Davis Batson, Assistant Attorney General, Frankfort, KY, Counsel for Appellant, Commonwealth of Kentucky, Uninsured Employers' Fund.

Jessie Rogers, Bloomfield, KY, Counsel for Appellee, Jessie Rogers, d/b/a Quality Exteriors.

Ben Thomas Haydon, Jr., Bardstown, KY, Counsel for Appellee, William Willis Ballard.

## OPINION OF THE COURT

The Court of Appeals affirmed a decision in which the Workers' Compensation Board (Board) vacated the average weekly wage calculation because the record contained insufficient evidence to apply KRS 342.140(1)(e) properly. The Board then remanded the claim for further proceedings to include the taking of additional proof. Appealing, the Uninsured Employers' Fund (UEF) asserts that the Board exceeded its authority under KRS 342.285(2)(c) by remanding the claim in order to provide the claimant with a second opportunity to meet his burden of proof. We agree and reverse.

The claimant argued from the outset that KRS 342.140(1)(e) governed the calculation and had the burden to offer substantial evidence of the necessary facts. Having concluded that the statute applied but that the record lacked sufficient evidence to support a calculation under the statute, the Board exceeded its authority under KRS 342.285(2)(c) by directing the Administrative Law Judge (ALJ) to allow additional proof and then reconsider the matter.

The claimant was born in 1975 and obtained an associate's degree in business from Western Kentucky University. His employment history included work in construction, installing roofing and granite counter tops; driving a forklift; and factory work. He filed an application for workers' compensation benefits on March 13, 2009, naming Jessie Rogers, d/b/a/ Quality Exteriors as the defendant-employer. The claimant's application alleged right wrist, hand, knee, and ankle injuries while working for Rogers as a roofer on February 27, 2009, his first day of work. He also alleged that his weekly wage on the date of injury was "$12.00/hr–40 hrs/wk."

Having become a party because Rogers was uninsured, the UEF filed a Form 111 that denied the claim and stated that the claimant's average weekly wage was unknown. The UEF also filed a special answer, stating that the claimant never worked for Quality Exteriors according to the alleged employer. Rogers failed to file a Form 111; to submit any other pleadings; or to attend the benefit review conference. He did appear and testify at the hearing.

The claimant's deposition and hearing testimony indicated that he worked for Concord Roofing from June 2008 through January 2009 and injured his right shoulder in January 2009 while working. He stated that he had known Rogers since he was 17 or 18 years old. A night or two before he began working for Rogers, he helped Rogers put a tarp on a roof because rain was predicted. He stated that he drove to the home of Jeremy Jones on the morning of February 27, 2009, after which he, Jones, and Rogers traveled in Rogers' truck to the house that he had helped to tarp. They set up ladders to the roof, after which he carried shingles up to Rogers and Jones and they nailed them down. He stated that he was supposed to receive $10.00 per hour in cash according to a conversation he had with Rogers. He broke the scaphoid bone in his right wrist and injured his right leg when he fell from the roof about three hours after beginning to work.

Jones testified in June 2009 that he worked as Rogers' employee at the time of the claimant's injury and was paid by the hour. He described his own employment during the previous winter as being nonexistent. He stated that the claimant was at the worksite on February 27, 2009, but he did not know whether Rogers used him and did not see him fall. Jones stated that the job at that worksite lasted about three weeks. Sometime after February 27, 2009

he became Rogers' subcontractor, which involved being paid by the square.

Rogers testified that he had hired the claimant as a subcontractor to install some granite about a month before the alleged injury but denied ever hiring him to do roofing. He stated that the claimant came to the worksite on February 27, 2009 and asked for a job but that he did not hire him due to his poor performance on a previous granite job. Rogers stated that the claimant was at the worksite for only about 10 minutes and denied driving him for medical treatment.

Christa Nall, the business manager at Bardstown Ambulatory Care, testified that a man who identified himself as being Jessie Rogers of Quality Exteriors brought the claimant to the facility and stated that he would be responsible for payment. The man left the facility before the claimant returned to the receptionist's office after being treated. She provided a statement for services in the amount of $876.00, which had not been paid.

The claimant asserted that his average weekly wage must be calculated under KRS 342.140(1)(e) because he had worked for less than 13 weeks when the injury occurred. Noting the absence of any evidence that the job was temporary, he argued that his average weekly wage should be $400.00 based on a 40–hour week at the rate of $10.00 per hour.

The UEF asserted that the claimant failed to meet his burden to prove an average weekly wage under KRS 342.140(1)(e) because he offered no evidence that the employment would extend beyond the initial job. Moreover, he offered no evidence of the prevailing wage or the availability of similar work in the area during the 13–week period immediately preceding the injury. The UEF argued in the alternative that roofing is a seasonal occupation for which the average weekly wage must be calculated under KRS 342.140(2).

The ALJ rejected Rogers' testimony as not being credible and found the claimant to be credible in stating that Rogers hired him to work for $10.00 per hour in cash. Convinced that the claimant sustained a work-related injury as alleged, the ALJ found that the scaphoid fracture produced a 13% permanent impairment rating but that the claimant retained the physical capacity to return to the type of work performed at the time of injury.

Turning to the issue of average weekly wage, the ALJ determined that some people might consider roofing to be "exclusively seasonal" work but that no evidence supported such a finding. The ALJ cited *Benito Mining Co. v. Girdner*,[1] which involved a previous version of Chapter 342, for the principle that the claimant worked a sufficient amount of time for his average weekly wage to be fixed. The ALJ also cited *Huff v. Smith Trucking*,[2] for the principle that the fact-finder must consider the facts and circumstances of each case when determining the average weekly wage for an employment of less than 13 weeks' duration. The ALJ found that the claimant's wage should be based on a regular 40–hour week at the rate of $10.00 per hour, for a total of $400.00 per week. The claimant's award included medical benefits; $266.67 in weekly temporary total disability benefits from February 28, 2009 through June 10, 2009; and $34.67 in par-

1. 271 Ky. 87, 111 S.W.2d 571 (1937) (employee who worked one-half of his first day and three hours of his second day had worked for a sufficient time to permit his average weekly wage to be fixed).

2. 6 S.W.3d 819 (Ky.1999).

tial disability benefits for the following 425 weeks.

The UEF appealed, raising the same arguments that it raised before the ALJ. Although the claimant acknowledged that roofing work depended on non-rainy weather, he argued that it was not exclusively seasonal work as demonstrated by the fact that his injury occurred in February. He argued that ample evidence supported the $400.00 per week figure and that the defendants offered no contrary evidence. To support the argument he noted his application for benefits, which alleged a 40–hour week; the absence of evidence that he was hired for only one roofing job; Rogers' testimony that he continued to have a roofing business; and Jones' testimony that he continued to perform roofing for Rogers.

The Board found no error in the ALJ's decision to reject the calculation proposed by the UEF but agreed with the UEF's assertion that the record contained insufficient evidence to apply KRS 342.140(1)(e) properly. Convinced that the claimant should not be denied income benefits simply because he failed to submit sufficient proof, the Board relied on KRS 342.285(2)(c) to vacate the average weekly wage finding and remand the claim to the ALJ for additional proceedings to include the taking of additional proof.

The UEF appealed and the claimant cross-appealed, but the Court of Appeals affirmed the Board's decision. Appealing, the UEF continues to maintain that the Board lacked the authority to remand the claim for additional proof taking simply

because the claimant failed to meet his burden of proof. We agree.

■ *Benito Mining Co. v. Girdner* was decided under a previous version of Chapter 342 and does not control the proof requirements in this claim. KRS 342.140(1)(e) bases the average weekly wage of an individual who was employed by a defendant for less than the full 13 weeks preceding a work–related injury on the amount that the individual would have earned had he been employed for the full 13 weeks and worked when work was available to other employees in a similar occupation. The statute's objective is to obtain a realistic estimate of the individual's probable earning capacity in the employment.[3]

■ An injured worker has the burden to prove every element of a claim for income benefits, including the applicable average weekly wage.[4] A finding that favors the party with the burden of proof must be reasonable, *i.e.*, supported by substantial evidence. The Board determined that the record would not support a reasonable finding that the claimant's average weekly wage under KRS 342.140(1)(e) was $400.00. We agree.

■ The claimant's Form 110 alleged 40 hours of work per week, but he admitted that roofing is not performed in rainy weather. Moreover, Jones testified in June 2009 that his own employment as a roofer was almost nonexistent during the previous winter. Such evidence precluded a reasonable finding that there would have been 40 hours' work available to a roofer during each of the 13 weeks immediately preceding February 27, 2009.[5] Having

---

3. *See, for example, Affordable Aluminum, Inc. v. Coulter*, 77 S.W.3d 587 (Ky.2002); *Huff v. Smith Trucking*, 6 S.W.3d 819, 821–22 (Ky. 1999).

4. *See Roark v. Alva Coal Corporation*, 371 S.W.2d 856 (Ky.1963); *Wolf Creek Collieries v. Crum*, 673 S.W.2d 735 (Ky.App.1984); *Snawder v. Stice*, 576 S.W.2d 276 (Ky.App.1979).

5. *See Huff v. Smith Trucking*, 6 S.W.3d at 822.

failed to offer evidence of all of the required elements under KRS 342.140(1)(e), the claimant failed to meet his burden of proving his average weekly wage. Although KRS 342.285(2)(c) permits the Board to review an ALJ's decision to determine whether it conforms to the provisions of Chapter 342, the Board exceeded its authority under the statute by directing the ALJ to order additional proof and then reconsider the issue.

803 KAR 25:010 specifies the periods within which parties may take proof. Although 803 KAR 25:010, § 15 allows the time for taking proof to be extended, it requires the filing of a motion "no later than five (5) days before the deadline sought to be extended" and "a showing of circumstances that prevent timely introduction." This is not a case in which an injured worker lacked guidance concerning the manner in which to prove an essential element of his claim for income benefits. The claimant argued correctly from the outset that KRS 342.140(1)(e) governed the calculation because his employment was of less than 13 weeks' duration when his injury occurred. Moreover, numerous judicial decisions addressed the proof requirements under KRS 342.140(1)(e) Jong before his injury occurred. Having failed to submit adequate proof within the time allowed and absent any evidence of circumstances that prevented him from doing so, the claimant was not entitled to a second opportunity to prove his average weekly wage.[6]

The decision of the Court of Appeals is reversed.

All sitting. All concur.

---

**6.** *See Nesco v. Haddix,* 339 S.W.3d 465, 472 (Ky.2011).