# IMPORTANT NOTICE
# NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: APRIL 26, 2018
NOT TO BE PUBLISHED

## Supreme Court of Kentucky



2017-SC-000257-WC

SUNZ INSURANCE COMPANY                                        APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.                        CASE NO. 2016-CA-001517-WC
WORKERS' COMPENSATION BOARD NO. 2011-WC-00465

HENRY J. DECKER; A & C                                        APPELLEES
COMMUNICATIONS; OWEN CARROLL
LANEY, D/B/A LANEY UTILITIES;
EMPLOYEE STAFF, LLC; UNINSURED
EMPLOYERS FUND; WORKERS'
COMPENSATION BOARD; HONORABLE
OTTO DANIEL WOLFF, ADMINISTRATIVE
LAW JUDGE AND ANDY BESHEAR,
KENTUCKY ATTORNEY GENERAL

### MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Appellant, Sunz Insurance Company, appeals from an Opinion of the

Court of Appeals affirming the Workers' Compensation Board's Opinion, which

affirmed the Administrative Law Judge's determination that Sunz failed to

show good cause for untimely filing its Notice of Claim Denial (Form 111). For

the following reasons, we affirm.

# I. Background.

This case has a lengthy procedural history, as the Court of Appeals succinctly summarized it in its Opinion:[1]

> Appellee Owen Carroll Laney, d/b/a Laney Utilities (Laney), is a business which erects utility poles. Laney had a service contract agreement with Appellee Employee Staff, LLC (ES), to provide payroll services and workers' compensation coverage for its "assigned employees." Laney did not have workers' compensation coverage independent of its agreement with ES. The Appellant, Sunz Insurance Company (Sunz), is ES's workers' compensation insurance carrier.
>
> Appellee A & C Communications (A & C) had a contract with Mountain Rural Telephone to perform work on a communication line. A & C subcontracted that work to Laney. Appellee Henry J. Decker (Decker) was injured while working for Laney on A & C's job. A & C has workers' compensation coverage through KEMI.
>
> On March 28, 2011, Decker filed an Application for Resolution of Injury Claim (Form 101) naming Laney as the defendant-employer and Appellee Uninsured Employers' Fund (UEF) as Laney's "insurance carrier." Decker also named A & C and KEMI as "other defendants."
>
> On March 28, 2011, the Commissioner of the Department of Workers' Claims (DWC or the Department) issued a certification of coverage, which provides in relevant part as follows:
>
>> I, Dwight T. Lovan, of the Department of Workers' Claims of the Commonwealth of Kentucky, do hereby certify that Owen Carroll Laney d/b/a Laney Utilities ... **did** have workers' compensation insurance in Kentucky on the alleged injury date of January 4, 2011. **This employer was insured under Employee Staff LLC. The insurance carrier for Employee Staff LLC is Sunz Insurance Company.**

---

[1] *Sunz Ins. Co. v. Decker*, No. 2016-CA-001517-WC, 2017 WL 1829701, at *1–4 (Ky. App. May 5, 2017). Notes 2–6, *infra*, are from the Court of Appeals Opinion.

On March 30, 2011, the Commissioner of the DWC issued notice[2] acknowledging the filing of the Form 101 addressed to Decker, his attorney, Laney, the UEF, KEMI and **Sunz Insurance Company**. The notice provided in relevant part as follows:

> An application for adjustment of injury claim, referenced above, was filed with our office on March 28, 2011.
> Defendant employers are advised to forward all correspondence to their insurance carrier at the time of the alleged injury. Please comply with this request at once, as there are specific time requirements for defensive responses.
> **Insurance carriers, self-insured employers and uninsured employer please contact counsel of your choice at this time and give written notice to the Department of Workers' Claims concerning the name and address of counsel**.
> A scheduling order, or other appropriate order will be issued.

(Bold-face emphasis added).

On April 20, 2011, the Department issued a scheduling order assigning the claim to an ALJ. Addressed to Decker, his attorney, Laney, KEMI, the UEF and **Sunz**, the scheduling order mandates that "[w]ithin forty-five (45) days of this notice, Defendants shall file a notice of claim denial or acceptance (Form 111). If none is filed all allegations of the application shall be deemed admitted."[3] Sunz did not file a Form 111 within 45 days of the scheduling order.

On April 28, 2011, defense counsel for A & C filed an entry of appearance. On June 2, 2011, A & C filed a motion to join ES and

---

[2] Kentucky Revised Statutes (KRS) 342.270(2) provides in relevant part: [T]he commissioner shall issue notice of the filing to all parties and shall promptly assign the claim to an administrative law judge..... Within forty-five (45) days of the date of issuance of the notice required by this section, the employer or carrier shall file notice of claim denial or acceptance, setting forth specifically those material matters which are admitted, those which are denied, and the basis of any denial of the claim.

[3] 803 KAR 25:010§ 5(2)(a), then in effect, provided that "[t]he defendant shall file a Notice of Claim Denial or Acceptance on a Form 111... within forty-five (45) days after the notice of the scheduling order[.]" Further, 803 KAR 25:010§ 5(2)(b) provided that: "[i]f a Form 111 is not filed, all allegations of the application shall be deemed admitted."

Sunz as parties on grounds that the Commissioner had certified that Laney had workers' compensation coverage through ES and Sunz.

By Order of June 27, 2011, the Administrative Law Judge (ALJ) granted A & C's motion to join ES and Sunz and further ordered that:

> [P]ursuant to KRS 342.270(2) and 803 KAR 25:010, § 5(2), Employee Staff, LLC and Sunz Insurance Company SHALL ENTER AN APPEARANCE AND FILE A FORM 111 within 45 days of the date of this order. Employee Staff, LLC and Sunz Insurance Company SHALL TAKE NOTICE that pursuant to statute and regulation, they shall file notice of claim denial or acceptance, setting forth specifically those matters which are admitted, those which are denied, and the basis of any denial of the claim. Failure to file a timely Form 111 may result in the sanctions provided by the provisions of 803 KAR 25:010, § 5.

(Upper case and underline emphasis original). However, neither ES nor Sunz timely filed a Form 111 within 45 days of the ALJ's June 27, 2011 Order.[4]

On August 19, 2011, counsel for ES filed an entry of appearance and a Form 111 denying the claim. On August 29, 2011, counsel for Sunz filed an entry of appearance and a Form 111 denying the claim. Sunz also filed a motion to continue the hearing and for extension of time, reflecting that its counsel was "newly hired, having been contacted by Sunz ... for representation on August 23, 2011. Neither ES nor Sunz filed a motion for leave to file a late Form 111.

As noted at the beginning of this Opinion, this case is now before us on remand from a decision of the ALJ as a result of the Board's May 22, 2015, Opinion, Vacating in part and Remanding. The Board summarized the sequence of events succinctly but thoroughly as follows:

> The ALJ found A & C liable as an up-the-ladder employer pursuant to KRS 342.610(2)[5] for benefits

---

[4] Forty-five days from June 27, 2011, was August 11, 2011.

[5] The statute provides in relevant part: A contractor who subcontracts all or any part of a contract and his or her carrier shall be liable for the payment of

4

awarded to Henry J. Decker ("Decker"). A & C argues the ALJ erred in overruling its motion to strike the untimely Forms 111 submitted by Employee Staff, LLC ("ES") and Sunz Insurance ("Sunz"), and in dismissing them as parties.... For the reasons set forth below, we vacate in part and remand for additional findings of fact.

...

The primary issue before the ALJ was Decker's employer. It was the position of ES and Sunz that Decker was never made an "assigned employee" pursuant to the service agreement. Instead, ES and Sunz argued Laney was a subcontractor to A & C. Because Laney did not carry workers' compensation coverage outside of its agreement with ES, Decker was an uninsured employee and, therefore, A & C bore up-the-ladder liability.

On appeal, the issues do not concern the ALJ's determination [that] Decker is permanently and totally disabled....

...

On appeal, A & C argues the ALJ erred in overruling its motion to strike the untimely Forms 111 of ES and Sunz, and in dismissing them as parties. A & C also claims the ALJ erred in concluding Decker was not an employee of ES, and [erred in concluding] that it [A & C] bears up-the-ladder liability. For the reasons set forth below, **we conclude the question of whether the Forms 111 were properly admitted is determinative of all three issues.**

Here, the ALJ never made a determination of whether good cause was shown.... **On remand, the ALJ must determine whether ES/Sunz established good cause for the delay and specifically state the basis for that finding. If ES failed to establish good cause, it must be deemed Decker's employer and, because ES was insured by Sunz at the time of Decker's injury, A & C would not have liability for the award.** If ES is deemed the employer, KRS 342.610 is inapplicable.

---

compensation to the employees of the subcontractor unless the subcontractor primarily liable for the payment of such compensation has secured the payment of compensation as provided for in this chapter.

(Bold-face emphasis added). No party appealed. The case was accordingly remanded to the ALJ to answer the questions raised by the Board.

The ALJ's "Remand Amended Opinion, Award and Order," rendered January 29, 2016, provides in relevant part as follows:

> The Board has ordered a determination be made, whether "good cause" existed to excuse Defendants Employee Staff, LLC ("ES") and/or Sunz Insurance Company ("Sunz"), ES' Kentucky workers' compensation insurance carrier, from their untimely filing of Form 111s. The Board instructed, if it is determined they did not have good cause, then Plaintiff's employer must be deemed ES, who would then be liable to pay Plaintiff's PTD[6] award.
>
> ...
>
> Sunz did not file a Form 111 until August 29, 2011. Sunz filed the untimely Form 111 without filing a motion for leave to file the form out of time nor did it provide a "good cause" explanation for the late filing.

The ALJ noted that the "only input suggesting why Sunz might have filed the Form 111 after expiration of the time to do so" was contained in its August 29, 2011, motion to continue hearing and for extension of time. That motion candidly indicated that counsel was newly hired after having been contacted by Sunz on August 23, 2011. The ALJ explained that Sunz's business address listed on its untimely Form 111 was the same address to which the Commissioner's March 30, 2011, notification and the April 20, 2011, scheduling order had been sent; thus, the ALJ stated that there "is no reason to believe" Sunz had not received them. The ALJ determined that neither ES nor Sunz provided a good cause explanation for the untimely filing of the Form 111. Consequently, the ALJ held that ES and its insurer, Sunz, were liable for the award.

Sunz filed a petition for reconsideration, which the ALJ denied by Order rendered March 31, 2016. Sunz appealed to the Board, which affirmed by Opinion rendered September 16, 2016, as follows:

---

[6] Permanent total disability.

6

On appeal, Sunz argues Employee Staff, LLC ("ES") was not properly joined to Decker's claim in accordance with 803 KAR 25:010 § 5(2)(c). It additionally argues the issues of employer-employee relationship and coverage are non-waivable defenses. Sunz also argues Decker's application for resolution of claim did not contain allegations which can be deemed admitted against it. Finally, it argues its procedural due process rights were violated when the ALJ denied it the opportunity to submit additional proof. Because we determine the ALJ performed the analysis previously directed by this Board, he did not err in refusing to allow the introduction of additional proof, and he did not abuse his discretion, we affirm.

The Board was not persuaded that the ALJ erred in not allowing Sunz additional proof time:

> The ALJ was not directed, or permitted, to conduct further proceedings, or to allow the introduction of additional evidence. This is consistent with the decisions of the Kentucky Supreme Court in *T.J. Maxx v. Blagg*, 274 S.W.3d 436 (Ky. 2008); *Nesco v. Haddix*, 339 S.W.3d 465 (Ky. 2011); and *UEF v. Pellant*, 396 S.W.3d 292 (Ky. 2012) which prohibit "a second bite of the apple" or the introduction of additional evidence on remand. We therefore determine the ALJ did not err in refusing to allow Sunz additional time to introduce evidence, especially in a case in which it has been named since it was served notifications by the Commissioner of the Kentucky Department of Workers' Claims in March and April 2011.

The Board also concluded that the ALJ did not err in determining that Sunz and ES had not shown good cause for neglecting to timely file Forms 111:

> Whether good cause is adequately proven in such instances is a question of fact for determination within the discretion of the ALJ on a case by case basis, depending on the evidence presented.... [T]he exercise of such discretion by an ALJ cannot be disturbed on appeal absent a clear showing of abuse. The test for abuse of discretion is whether the fact-finder's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.

7

In accordance with the directive of this Board, the ALJ determined ES, and its insurer Sunz, **at no time moved for leave to file untimely claim denials, and neither demonstrated good cause for failing to do so.** He therefore determined they are responsible for payment of Decker's award. Because the ALJ made the determinations required by this Board, his decision will not be disturbed.

(Citations omitted) (Emphasis added).

## II.    Standard of Review.

The function of review in this Court "is to correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687–88 (Ky. 1992).

## III.    Analysis.

On appeal, Sunz argues it was never properly joined as a party before the ALJ; workers' compensation benefits cannot be awarded against a non-employer; and good cause excused its tardy filing of Form 111. We disagree.

With respect to joinder, Sunz asserts that the Commissioner of the Department of Workers' Claims' ("DWC") March 28, 2011 certification of coverage ("notification") and April 20, 2011 scheduling order did not make it a party and that it could only have become a party by virtue of the ALJ's June 27, 2011 Order of Joinder, which Sunz argues was ineffective because it failed

8

to comply with the process set forth in 803 KAR 25:010 § 2(3)(b).[7] Sunz points to the ALJ's interlocutory order entered September 12, 2012, in which the ALJ noted that the June 27, 2011 tendered order did not indicate nor provide a space for it to be indicated, how the Order of Joinder, and a copy of the claim file, were to be served on the newly joined Defendants (Sunz and ES) as required by 803 KAR 25:010 § 2(3)(b). Sunz argues insufficient joinder constitutes good cause for its delay in filing Form 111.

On remand, the ALJ noted that Sunz's business address listed on its untimely Form 111 was the same address to which the DWC's notification and scheduling order had been sent in March and April 2011. The ALJ found no reason to believe Sunz had not received them. The ALJ further determined that neither Sunz nor ES had provided a good cause explanation for the untimely filing of Form 111 and thus were liable for the award. Sunz does not dispute that it received the multiple notices sent to it by the DWC and ALJ, advising it of Decker's claim and directing it to file Form 111 within 45 days. Rather, Sunz asserts that service of process and notice are not the same thing and that the ALJ's "insufficient joinder" deprived it of procedural due process rights.

---

[7] 803 KAR 25:010 § 2(3)(b) provides: "Joinder shall be sought by motion as soon as practicable after legal grounds for joinder are known. Notice of joinder and a copy of the claim file shall be served in the manner ordered by the administrative law judge."

By its own admission, Sunz waited four months after the DWC's scheduling order had been issued, and nearly two months after the ALJ's Order of Joinder, to attempt to comply.

> Whether good cause for the delay [in filing Form 111] has been demonstrated is a factual determination to be made with the ALJ's discretion.
>
> The standard for appellate review of an ALJ's factual findings is a clearly erroneous standard. In short, appellate courts may not second-guess or disturb discretionary decisions of an ALJ unless those decisions amount to an abuse of discretion.

*Am. Woodmark Corp. v. Mullins*, 484 S.W.3d 307, 314 (Ky. App. 2016) (internal quotations and citations omitted). To establish "good cause," the party seeking relief from default judgment must demonstrate that it is not guilty of unreasonable delay or neglect. *Terrafirma, Inc. v. Krogdahl*, 380 S.W.2d 86 (Ky. 1964).

In *Woodmark*, the Court of Appeals affirmed the ALJ's determination the defendant failed to demonstrate good cause for its late filing of Form 111. 484 S.W.3d at 314. In that case, the defendant submitted the adjuster's affidavit, which confirmed that the electronic file contained the DWC's notification that a claim had been filed, but no record of the scheduling order. The ALJ noted that the scheduling order had been mailed to the same address as the notification, and that "evidence that the scheduling order was not entered into the carrier's electronic database and, therefore, not forwarded to defense counsel in a timely manner, was insufficient to demonstrate good cause." *Id.* The

10

Court of Appeals agreed, noting that "[i]nattentiveness or lack of diligence by the carrier or defense counsel is not 'good cause' to excuse its delay in filing the Form 111." *Id.*

Similarly, Sunz did not demonstrate good cause for its tardy filing of Form 111. Its August 29, 2011 Form 111 denied the claim and also filed a motion to continue the hearing and for an extension of time, stating that its counsel was "newly hired, having been contacted by Sunz ... for representation on August 23, 2011." Sunz did not request leave to file Form 111 late. Under our standard for reviewing decisions of the Board, we are unable to say that the Board "has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *W. Baptist Hosp.*, 827 S.W.2d at 687–88. Pursuant to that standard, we find no error.

Next, Sunz contends that the employee/employer relationship and coverage under the Kentucky Workers' Compensation Act ("Act") are "non-waivable defenses." With respect to the existence of an employer/employee relationship between ES and Decker, Sunz points to the uncontradicted fact that Laney failed to designate Decker as an "assigned employee" pursuant to the service agreement with ES, and therefore, as a matter of law, ES did not employ him when the accident occurred and Sunz did not insure him. Sunz asserts that assigning liability to a non-employer for workers' compensation benefits when no employment relationship exists is reversible error. In response, A&C and Decker argue that the effect of Sunz's failure to timely file

11

Form 111 was to admit that injury occurred within the course and scope of employment and to waive any defense that Decker was not an employee under the Act.

In *Gray v. Trimmaster*, 173 S.W.3d 236 (Ky. 2005), this Court addressed the consequences of an employer's failure to file Form 111. Therein, we noted that the provisions contained in KRS 342.270(2) and 803 KAR 25:210 § 5(2)(a) are mandatory, and the purpose of requiring an employer to timely file Form 111 "is to facilitate the prompt and orderly resolution of workers' compensation claims." *Id.* at 240. The penalty provision that "all allegations of the application are deemed admitted" when an employer fails to timely file Form 111 "effectuates the purpose of the provisions by encouraging employers to comply[.]" *Id.*

In *Gray*, we held that by failing to timely file Form 111, the employer was deemed to have admitted that the claimant sustained an injury within the scope of employment. *Id.* This result is analogous to a default judgment in a civil action which determines liability, with damages awarded after a hearing and findings of fact and conclusions of law. *Deskins v. Estep*, 314 S.W.3d 300, 304 (Ky. App. 2010). Thus, the effect of Sunz's failure to timely file Form 111 was to admit that injury occurred within the course and scope of employment.

Furthermore, contrary to Sunz's assertion, the ALJ's decision not to reopen the matter for additional proof on the issue of good cause was in accordance with the Board's May 22, 2015 Opinion which directed the ALJ on remand to "determine whether or not good cause existed for the late filing of

12

the Form 111" and if "ES failed to establish good cause, it must be deemed Decker's employer[.]" This directive is consistent with Kentucky law which prohibits a "second bite of the apple" or the introduction of additional evidence on remand. *See UEF v. Pellant*, 396 S.W.3d 292 (Ky. 2012); *Nesco v. Haddix*, 339 S.W.3d 465 (Ky. 2011); *T.J. Maxx v. Blagg*, 274 S.W.3d 436 (Ky. 2008). The Board reasoned that if ES was deemed to be Decker's employer, then Decker would be insured by ES's workers' compensation coverage through Sunz – thereby relieving A & C of up-the-ladder liability under KRS 342.610(2). Since the Board's Opinion was not appealed, the Court of Appeals held that the Board's directions for remand became the law of the case with which the ALJ complied, limiting the scope of its determination to whether good cause existed and declining to take additional proof pertaining to that issue.

In discussing the applicability of the law of the case doctrine to the Board's decision, the Court of Appeals cited our ruling in *Thomas v. Kwik Set*, 2006-SC-000445-WC, 2007 WL 1159959, at *3 (Ky. Apr. 19, 2007):

> The law of the case doctrine concerns the extent to which a judicial decision made at one stage of litigation is binding at a subsequent stage....
>
> [T]he law of the case doctrine applies to the Board's decisions because its jurisdiction is appellate. A party who wishes to appeal an adverse decision of the Board must do so at the time the decision is rendered. To raise the issue on appeal from the decision on remand would amount to an attempt to re-litigate an issue that the Board decided previously. Absent a change in the issues or evidence on remand, the doctrine limits the questions on appeal to whether the [ALJ] properly construed and applied the Board's order.

(citations omitted).

We agree with the Court of Appeals that the record was sufficiently developed for the ALJ to comply with the Board's directive to determine whether good cause existed for Sunz's failure to timely file Form 111, and no additional proof was required or necessary.

Lastly, Sunz argues that default judgment should be set aside because Decker voluntarily withdrew his motion for default judgment against Sunz based on an agreement between them that Sunz would promptly pay him his past due indemnity and medical benefits and agreed to continue paying such weekly benefits until the correct payment obligor was identified in this litigation. As acknowledged by the ALJ in its September 12, 2012 interlocutory order, "[t]his quid pro quo agreement allowed Plaintiff to receive benefits and eliminated ES and Sunz's exposure of having the allegations of Plaintiff's Form 101 admitted against them." Sunz argues that the ALJ, Board, and Court of Appeals improperly disturbed this agreement between it, ES, and Decker.

As an initial matter, Sunz does not cite to the record where such an agreement between it and Decker was documented. A & C argues Decker is raising this issue for the first time on appeal; indeed, neither the Court of Appeals opinion nor the Board's opinion addresses it. For a specific issue to be heard on appeal, a party must preserve it by raising it below. *Fischer v. Fischer*, 348 S.W.3d 583, 589 (Ky. 2011). Further, even if this issue was properly preserved for appeal, an ALJ cannot invalidate a statutory requirement even if a claimant were to agree to it. In other words, Decker lacks authority to decide whether the provisions contained in KRS 342.270(2) and

14

803 KAR 25:210 § 5(2)(a) apply; that authority lies with the ALJ. For these reasons, Sunz's claim in this regard is without merit.

## IV.    Conclusion.

For the foregoing reasons, we affirm the opinion of the Court of Appeals.

All sitting.  All concur.


COUNSEL FOR APPELLANT:

Matthew Allen
Mark Reynolds Bush
REMINGER CO., L.P.A.


COUNSEL FOR APPELLEE,
HENRY J. DECKER:

Mark D. Knight

COUNSEL FOR APPELLEE, A & C
COMMUNICATIONS:

Barry Lewis
Melissa L. Moore Lewis
LEWIS & LEWIS LAW OFFICES

COUNSEL FOR APPELLEE,
OWEN CARROLL LANEY
D/B/A LANEY UTILITIES:

Owen Carroll Laney, Pro se

COUNSEL FOR APPELLEE,
EMPLOYEE STAFF, LLC:

Not Represented by Counsel

COUNSEL FOR APPELLEE,
UNINSURED EMPOYERS FUND:

James Robert Carpenter

COUNSEL FOR APPELLEE,
WORKERS' COMPENSATION BOARD:

Dwight Taylor Lovan

COUNSEL FOR APPELLEE,
HONORABLE OTTO DANIEL
WOLFF, ADMINISTRATIVE LAW
JUDGE:

Otto Daniel Wolff, IV

COUNSEL FOR APPELLEE,
ANDY BESHEAR:

Andy Beshear