**KROGER COMPANY, Appellant,**

v.

**Yvonne JONES; Hon. James L. Kerr, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2003–SC–0033–WC.

Supreme Court of Kentucky.

Jan. 22, 2004.

Walter E. Harding, Boehl, Stopher & Graves, LLP, Louisville, Counsel for Appellant.

James D. Howes, Howes & Paige, PLLC, Louisville, Counsel for Appellee, Yvonne Jones.

## OPINION OF THE COURT

KRS 342.185 provides that no proceeding under Chapter 342 may be maintained unless an application for adjustment of claim is filed within two years of the accident, and KRS 342.270 requires the joinder of all known claims against the employer. The Workers' Compensation Board (Board) determined that because an application for the claimant's right shoulder injury was pending and there was no prejudice to the employer, the Administrative Law Judge (ALJ) was authorized to amend the claim, *sua sponte,* to include the left shoulder injury. *See* CR 15.02. Although concluding that the ALJ's action was unauthorized, the Court of Appeals remanded the claim to permit the claimant to amend it. Appealing, the employer maintains that KRS 342.270 precludes joinder of the left injury claim at this

point. We affirm to the extent that the left shoulder claim remains viable under KRS 342.270, but we reverse with respect to the necessity of a remand on these facts.

The claimant worked as a grocery store cashier. She testified that on April 25, 2001, she injured her right shoulder while scanning a case of soft drinks. She felt a burning pain in her right arm, reported the injury, and sought treatment at Urgent Care. On April 30, 2001, she sought follow-up treatment from Dr. Larson at Corpcare, complaining that her condition had not improved. He diagnosed a shoulder strain. On May 14, 2001, she sought treatment from Dr. Fee, who initially diagnosed a shoulder strain. After returning to one-handed duty, using her left arm to scrub the dairy case and lavatories, she injured her left shoulder on May 19 or 26, 2001. She testified that she notified her employer of the left shoulder injury shortly before seeking treatment at Urgent Care on May 26, 2001. She also maintained that the employer paid at least some of the expenses for treatment of the left arm.

On August 17, 2001, the claimant filed an application for benefits in which she alleged a "shoulder injury." The attached medical report, from the April 30, 2001, visit to Corpcare, referred only to the right shoulder. Also attached to the application was a medical history, which listed the treatment by Dr. Fee that began in May, 2001. The form indicated that treatment with Dr. Fee was ongoing and stated "Sent back to work one handed duty. Now having problems with my left arm." The parties then proceeded to introduce medical evidence that referred to both injuries.

The claimant introduced Dr. Fee's medical records into evidence on October 30, 2001. They indicated that on May 14, 2001, he diagnosed a work-related right shoulder strain. On June 4, 2001, he noted the claimant's continuing symptoms as well as her complaint that working one-handed was "killing her other shoulder." He ordered an MRI and other testing, after which he diagnosed a full thickness right rotator cuff tear. On June 29, 2001, he performed surgery to repair the condition. When the claimant's left shoulder complaints continued as of August 9, 2001, Dr. Fee recommended an MRI. It revealed a probable rotator cuff tear on that side.

Dr. Patrick examined the claimant on October 13, 2001, and obtained a history of both injuries. After reviewing the diagnostic testing, his impression was that she had sustained bilateral rotator cuff tears as a result of her work. In his opinion, each injury accounted for a 6% impairment, for a combined impairment of 12%. His report was introduced on October 30, 2001.

On November 8, 2001, Dr. Schiller examined the claimant on the employer's behalf. His report indicated that he had reviewed records from Drs. Fee and Patrick, as well as MRI and x-ray reports. Although he thought the claimant's complaints of pain were excessive, he stated that he agreed with Dr. Patrick's assessment of a 6% right shoulder impairment. In his opinion, the left shoulder problems would not improve with surgery and were not work-related.

At the benefit review conference, the parties stipulated to notice of an alleged April 25, 2001, right shoulder injury. The contested issues included, *inter alia,* notice of the left shoulder injury. It was not until the hearing that the employer raised the claimant's failure to amend her claim to include a left shoulder injury and objected to any testimony about the condition. The ALJ overruled the objection, permitted the claimant to testify, and per-

mitted the employer to include the improper pleading concerning the left shoulder injury as a contested issue. The subsequent opinion and award noted that the employer knew of the claimant's allegation concerning her left shoulder no later than Dr. Schiller's examination and was served with the conflicting medical evidence long before the benefit review conference. Nonetheless, it failed to raise the procedural defect until the hearing. Although recognizing that it would have been better practice for the claimant to have filed a formal motion to amend the claim, the ALJ determined that the left shoulder claim was not barred by the claimant's failure to properly plead it because the employer suffered no prejudice from the pleading defect. After determining that the employer received due and timely notice of the injuries and their relationship to the claimant's work, the ALJ awarded an income benefit based upon the combined impairment rating of 12%.

The Workers' Compensation Board (Board) affirmed, relying upon CR 15.02, which provides, in part:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleading[s] as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

With one member concurring in result only and another dissenting, a panel of the Court of Appeals vacated and remanded. The opinion explained that workers' compensation is a creature of statute and that the Board had improperly applied CR 15.02 to circumvent KRS 342.185, which required the filing of a claim, and KRS 342.270(1), which required the joinder of all known causes of action against the employer. Noting, however, that workers' compensation laws are for the benefit of injured workers and that the statute of limitations had not yet expired, the Court rejected the employer's argument that the left shoulder claim was barred by KRS 342.270 and remanded the case to the ALJ with directions to permit the claimant to file a proper motion to correct the procedural deficiencies. A dissenting opinion expressed the view that a remand was unnecessary because the ALJ had the authority to amend the claim *sua sponte* to conform to the pleadings.

Appealing the decision, the employer argues that KRS 342.270 precludes joinder of the left shoulder claim after the ALJ's initial decision and asserts, therefore, that the left shoulder claim is barred. Furthermore, the employer maintains that if the claimant is entitled to amend her claim, it is entitled to a reopening of proof time. Noting, however, that the ALJ has already made a judgment with regard to the left shoulder injury, the employer asserts that the remedy is untenable.

■ KRS 342.270(1) provides, in pertinent part, as follows:

> When the application is filed by the employee or during the pendency of that claim, he shall join all causes of action

against the named employer which have accrued and which are known, or should reasonably be known, to him. Failure to join all accrued causes of action will result in such claims being barred under this chapter as waived by the employee.

We affirm the Court of Appeals' conclusion that the left shoulder claim remained viable under KRS 342.270. A claim remains "pending" until the appellate process is exhausted. Although the employer's appeal to the Board raised no question concerning the right shoulder claim, itself, the appeal did concern the ALJ's authority to amend the claim to include a claim for the left shoulder injury. Furthermore, the ALJ determined that the claimant's impairment from both injuries was 12% and entered a combined award from which the appeal was taken. We conclude, therefore, that the right shoulder claim remained pending throughout the appeal and could be amended on remand to include a claim for the left shoulder injury without violating KRS 342.270. Nonetheless, we have concluded that such a remand is unnecessary on these facts.

 The claimant failed to persuade the Court of Appeals that CR 15.02 permitted the ALJ to amend her right shoulder claim *sua sponte*. Nonetheless, she prevailed to the extent that the Court rejected the employer's argument that the left shoulder claim was barred and directed the ALJ on remand to permit her to amend her claim to include the left shoulder injury. Satisfied with the Court of Appeals' decision, she did not cross-appeal. Her brief to this Court asserts that the Court of Appeals was correct in permitting her to amend her claim on remand to include the injury to her left shoulder. It also asserts that she is entitled to prevail on the ground that the ALJ was authorized by CR 15.02 to amend the right shoulder claim *sua sponte* and did so. We are

persuaded, therefore, that the argument is preserved for our consideration despite her failure to cross-appeal. See *Brown v. Barkley*, Ky., 628 S.W.2d 616 (1982). Furthermore, because we agree that the ALJ's action was authorized, we have concluded that a remand is unnecessary and contrary to the principles of judicial economy.

 As noted by the Court of Appeals, KRS 342.185 requires the filing of a claim within two years after a work-related accident, and KRS 342.270 requires the joinder of all known causes of action against an employer during the pendency of a claim. Yet, nothing requires a separate application to be filed with respect to each injury, and nothing prohibits the amendment of a pending claim to include an allegation of another injury that occurred in the same employment. Furthermore, in the absence of prejudice to an opposing party, we are aware of nothing that prohibits an ALJ from amending a defective claim, *sua sponte*, to conform to the evidence of an additional injury.

An application for workers' compensation benefits is comprised of a Form 101 and various attachments. Although the claimant's Form 101 failed to include the left shoulder injury, the attached medical history clearly referred to left shoulder problems as of May, 2001, following her return to work using only that arm. Dr. Fee's June 4, 2001, treatment notes documented the claimant's assertion that left shoulder problems began shortly after her return to left-handed duty, and they were served on the employer together with the application and Dr. Patrick's report. Both the notes and the report were introduced into evidence on October 30, 2001, well before Dr. Schiller's examination. Furthermore, Dr. Schiller was aware of the other physicians' findings, examined both of the claimant's arms, and addressed both

the left and right arm complaints in his report.

■■■ In *Nucor Corp. v. General Electric Co.,* Ky., 812 S.W.2d 136, 145–46 (1991), the Court determined that CR 15.02 is a tool for deciding cases on their merits rather than on the basis of gamesmanship. Quoting from Bertelsman and Philipps, *Kentucky Practice,* 4th Ed., Civil Rule 15.02, the Court explained that one of the reasons for the rule is to take cognizance of issues that were actually tried. As a result, if issues that are not raised in the pleadings are tried with the express or implied consent of the parties, they are treated as if they had been raised. A party's failure to object to the introduction of evidence on an unpleaded issue implies consent to the trial of the issue. Rejecting the view that there could be no implied consent, the Court took the view that the theory of implied consent rested on an absence of actual prejudice, i.e., on the ability to present a defense. We are convinced that the principles that were expressed in *Nucor* apply equally to workers' compensation proceedings.

Here, both parties introduced evidence with respect to the left arm injury. The employer contested notice of the left arm injury at the prehearing conference, but it did not raise the claimant's failure to plead the injury until the hearing, after the proof was closed. Under the circumstances, it was reasonable for the ALJ to conclude that the employer was not prejudiced and that the claimant had not waived her right to claim an injury to her left arm. In so concluding and awarding benefits based upon both injuries, the ALJ effectively amended the claim for the right arm, *sua sponte,* and joined the claim for the left arm. We are persuaded that the ALJ's actions were authorized under the circumstances and that the award was proper.

The decision of the Court of Appeals is affirmed to the extent that the left shoulder claim remains viable under KRS 342.270. The decision is reversed to the extent that it vacated and ordered a remand on these facts.

All concur.