**SAINT JOSEPH HOSPITAL, Appellant**

v.

**Angela FRYE; Appellees, Honorable R. Scott Borders, Administrative Law Judge; and Workers' Compensation Board.**

No. 2012–SC–000691–WC.

Supreme Court of Kentucky.

Dec. 19, 2013.

Ronald Jude Pohl, Crystal Lynn Moore, Pohl, Kiser & Aubrey, P.S.C., Lexington, Counsel for Appellant.

Donald Richard Todd, Todd & Todd, PLLC, Counsel for Appellee.

Opinion of the Court by Justice KELLER.

Angela Frye (Frye) filed a workers' compensation claim against Saint Joseph Hospital (St.Joseph) alleging that she suffered a work-related injury on April 23, 2009. The ALJ dismissed that claim pursuant to Kentucky Revised Statute (KRS) 342.270(1) finding that Frye should have, but did not, timely file and move to join it with a pending claim. The Workers' Compensation Board (the Board) reversed and the Court of Appeals affirmed the Board. St. Joseph appeals, arguing that the Board and the Court of Appeals erroneously interpreted KRS 342.270(1). However, we agree with the Court of Appeals and affirm.

## I. FACTS

Frye suffered a work-related injury to her cervical and lumbar spine on January 3, 2008, while she was employed at St. Joseph. Following that injury, Frye continued to work at St. Joseph while she underwent medical treatment, which included injections and other pain manage-

ment modalities. She last worked at St. Joseph on August 3, 2009.

Frye filed, and the parties litigated, a claim for benefits related to her January 3, 2008 injury (the 2008 claim). On April 9, 2009, an ALJ held a final hearing regarding that claim. Following the hearing, the ALJ set out a briefing schedule and stated that he would be taking the claim under submission on May 10, 2009. On June 2, 2009, the ALJ rendered an opinion, order, and award, awarding Frye income and medical expense benefits related to her cervical spine injury and medical expense benefits related to her lumbar spine injury. Neither party sought review of that opinion, order, and award.

On April 23, 2009, after the final hearing in the 2008 claim, but before the ALJ took that claim under submission or rendered an opinion, Frye fell at work, allegedly suffering a second injury to her lumbar spine. Frye filed a claim related to the April 2009 accident on April 20, 2010 (the 2010 claim), more than ten months after the ALJ rendered the opinion, order, and award related to her 2008 claim. After Frye filed her 2010 claim, St. Joseph filed a notice of claim denial arguing, in pertinent part, that any claim for benefits related to Frye's 2009 fall was barred pursuant to KRS 342.270(1). The parties presented proof on all issues and, following a hearing, the ALJ agreed with St. Joseph and dismissed Frye's 2010 claim as untimely filed. In doing so, the ALJ found that: Frye's April 2009 accident occurred while her 2008 claim was pending; Frye knew or should have known before the ALJ rendered his opinion in her 2008 claim that she had a cause of action related to the April 2009 accident; Frye was required by KRS 342.270(1) to file her claim for benefits related to the April 2009 accident and join it to her pending 2008 claim, which she failed to do. Therefore, the ALJ dis-

missed Frye's 2010 claim without otherwise addressing the merits of that claim.

Frye appealed the ALJ's opinion to the Board. The Board reversed the ALJ noting that the workers' compensation practice regulations do not provide a mechanism for reopening proof in a claim after a hearing has taken place. Based on that regulatory deficiency, the Board concluded that a claim is no longer pending, for KRS 342.270(1) purposes, after the date of the final hearing. Therefore, the Board concluded that the ALJ erred when he dismissed Frye's 2010 claim, and the Board remanded that claim to the ALJ for a decision on the merits. St. Joseph filed a petition for review with the Court of Appeals and the Court of Appeals affirmed the Board. This appeal followed.

## II. STANDARD OF REVIEW

The issue presented concerns statutory interpretation, which is purely a question of law, which we review *de novo*. See *Kentucky Employers Mut. Ins. v. Coleman*, 236 S.W.3d 9, 13 (Ky.2007).

## III. ANALYSIS

KRS 342.270(1) provides that, when an application for resolution of injury claim has been filed, the employee must "join all causes of action against the named employer which have accrued and which are known, or should reasonably be known, to him or her." Failure to join any such causes of action during the pendency of an existing claim acts as a waiver of those causes of action. The language in this statutory provision is problematic because the legislature did not define "causes of action" or when a claim is pending. Frye argues, in part, that her cause of action for the April 23, 2009, accident had not accrued. However, we need not address that issue because we agree with the Board and the Court of Appeals that

Frye's claim for her 2008 injury was no longer pending when she fell on April 23, 2009.

Based on *Kroger Co. v. Jones,* 125 S.W.3d 241 (Ky.2004),[1] St. Joseph argues that a claim is " 'pending' until the appellate process is exhausted." *Id.* at 245. While *Jones* does contain that language, this case differs significantly from *Jones* and is distinguishable.

*Jones* suffered a right shoulder injury on April 25, 2001. She returned to work performing one-handed work and began to experience left shoulder pain in late May 2001. On August 17, 2001, she filed an application for resolution of injury claim alleging a "shoulder injury." *Id.* at 243. Jones attached to her application a medical report addressing her right shoulder injury and a medical history form listing treatment for her left shoulder. *Id.* The parties filed medical proof addressing both shoulder injuries. *Id.*

At the hearing, Kroger moved, for the first time, to exclude from consideration evidence regarding Jones's left shoulder injury, arguing that she had not alleged a left shoulder injury in her application and had not amended her claim to allege that injury. *Id.* Following the hearing, the ALJ entered an opinion and award in which he determined that Jones's left shoulder injury claim was compensable because Kroger had notice of that injury and the parties had filed proof regarding the compensability of that injury. *Id.* at 244.

The ALJ awarded benefits accordingly. *Id.*

On appeal, the Workers' Compensation Board, relying on Kentucky Rule of Civil Procedure (CR) 15.02, found that the parties had tried the issue by consent and affirmed the ALJ. *Id.* Kroger appealed, and the Court of Appeals held that the Board had inappropriately relied on "CR 15.02 to circumvent KRS 342.185, which required the filing of a claim, and KRS 342.270(1), which required the joinder of all known causes of action. . . ." *Id.* Based on this finding, the Court of Appeals vacated and remanded with instructions to permit Jones to file a motion to correct any procedural deficiencies. *Id.*

This Court affirmed the conclusion by the Court of Appeals that Jones's "left shoulder claim remained viable under KRS 342.270." *Id.* at 245. In doing so, this Court stated that "[a] claim remains 'pending' until the appellate process is exhausted" and that Jones's "right shoulder claim remained pending throughout the appeal and could be amended on remand to include a claim for the left shoulder injury without violating KRS 342.270." *Id.* However, this Court concluded that remand was not necessary because the ALJ had already made a determination regarding the compensability of Jones's left shoulder injury claim. *Id.* Furthermore, this Court held that nothing "prohibits an ALJ from amending a defective claim, *sua sponte,* to conform to the evidence of an additional injury." *Id.*

---

1. St. Joseph also cites to *Westerfield v. Diversified Health Care, Inc.,* 2003–SC–0758–WC, 2004 WL 2913224 (Ky. Dec. 16, 2004), an unpublished opinion. In *Westerfield,* the employee suffered a back injury in 1996 and a second injury in 1999. Following the 1999 injury, the employee settled her 1996 injury "claim" prior to filing an application for resolution of that claim. She then filed an application for resolution of her 1999 claim. We held that the employee was not foreclosed from filing the 1999 injury claim because she had never formally filed a claim for the 1996 injury. Although we did state that a claim is pending between the date of filing and the date of a decision, that language is *dicta* because we determined that the employee had never filed a claim. Therefore, *Westerfield* is not persuasive.

*Jones* is distinguishable from this claim for three reasons. First, the language regarding the pendency of Jones's claim was not necessary to the ultimate decision and is, therefore, *dicta.* Second, in *Jones,* the parties litigated the issue of the compensability of Jones's left shoulder injury prior to the final hearing. Thus, there was no issue regarding the ALJ's authority to re-open proof time following the hearing. Herein, Frye's April 2009 accident occurred after the final hearing and, as noted by the Board and the Court of Appeals, the regulations provide no mechanism for the ALJ to re-open proof after the final hearing. Therefore, unlike Jones, if Frye had filed her second injury claim before the ALJ entered his opinion, she would have been foreclosed from presenting any proof.

Third, the issue in *Jones* was not whether Jones *was required* to file and join her second injury claim to her existing claim, but whether she, or more accurately the ALJ, *was permitted* to amend her existing claim after the final hearing. For the foregoing reasons, we do not find *Jones* to be dispositive regarding when a claim is pending for the purpose of the mandatory filing requirement in KRS 342.270(1).

Rather, based on *Adams v. NHC Healthcare,* 199 S.W.3d 163 (Ky.2006) and *T.J. Maxx v. Blagg,* 274 S.W.3d 436 (Ky. 2008), we are more persuaded by the reasoning of the Board and the Court of Appeals that, for mandatory filing purposes, Frye's 2008 claim was no longer pending during the time between the final hearing and the ALJ's opinion. In *Adams,* Adams filed a motion to submit records from his social security disability claim more than a month after the hearing, a motion the ALJ denied. 199 S.W.3d at 166. Adams argued on appeal that, because his social security disability hearing took place several weeks after his workers'

compensation hearing and the documents were not available before that hearing, the ALJ had abused his discretion. *Id.* at 167. This Court noted that the regulations permit a party to request an extension of proof time up to five days before the time expires; however, nothing in the regulations "allows a party to file such material outside normal proof time, much less after a claim has been submitted for a decision." *Id.* at 167.

In *T.J. Maxx,* the ALJ, noting that the evidence was " 'in great conflict,' " *sua sponte* ordered a University evaluation after the hearing, after briefs had been submitted, and after he had taken the claim under submission. 214 S.W.3d at 437. This Court noted that 803 KAR 25:010 § 13(15) authorizes an ALJ to permit the taking of proof between the benefit review conference and the hearing. However, "no regulation anticipates that additional proof will be taken after a claim has been heard, briefed and taken under submission." *Id.* at 439. Based in part on this lack of regulatory authority, this Court held that the ALJ improperly ordered the University evaluator after the final hearing.

We recognize that, in both *T.J. Maxx* and *Adams,* this Court stated that the ALJs' decisions respectively were or were not an abuse of discretion; thus implying that an ALJ might have the authority, if not the regulatory framework, to reopen proof after a final hearing and after a claim has been taken under submission. We also recognize that, prior to 1995, the regulations provided that an ALJ was prohibited from taking proof after the hearing and that prohibition no longer exists. This regulatory change also implies that an ALJ may take proof after the final hearing.

While the preceding indicate that an ALJ may arguably have the discretion to reopen proof time following a hearing,

there is no discretion with regard to when an ALJ must render an opinion. 803 KAR 25:010 § 18(5) provides that "[a] decision shall be rendered no later than sixty (60) days following the hearing." The hearing herein took place on April 9, 2009, thus, the ALJ was required to render an opinion no later than June 8, 2009. If Frye had filed her second injury claim and a joinder motion the day of the April 23, 2009, accident, St. Joseph would have had ten days to respond. 803 KAR 25:010 § 21(12)(c). The ALJ could not have ruled on that motion until May 3, 2009, leaving thirty-six days for the parties to present proof and the ALJ to render an opinion. Absent some regulatory framework addressing this situation, once the ALJ conducted the hearing on Frye's 2008 claim, it was a practical impossibility for: Frye to file her second injury claim and join it to her first claim; the ALJ to reopen proof; the parties to present proof; and the ALJ to write an opinion. Therefore, we agree with the Board and the Court of Appeals that, in this case and under these facts, Frye's first injury claim was not pending between the date of the hearing and the date the-ALJ rendered his opinion regarding that claim.

The preceding reasoning and holding do not extend to claims pending on appeal before the Board, the Court of Appeals, or this Court. Those appellate bodies are authorized to remand a claim to the ALJ for additional proceedings, which contemplates the reopening of proof. Abating an existing claim that is on appeal while a subsequent claim is litigated may not be the best use of judicial resources. Furthermore, going forward with an appeal while a subsequent claim is being litigated may lead to inconsistent results; however, it is for the legislature or the Department of Workers' Claims to address these possible unintended consequences of KRS 342.210(1).

## IV. CONCLUSION

For the foregoing reasons, we affirm the Court of Appeals. This matter is remanded to the ALJ for a determination of Frye's entitlement to benefits related to the April 2009 accident.

All sitting. MINTON, C.J.; CUNNINGHAM, NOBLE, SCOTT and VENTERS, JJ., concur. ABRAMSON, J., concurs in result only.