# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: JANUARY 21, 2021
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-0369-WC

LOWELL HARRIS                                                                          APPELLANT

V.
ON APPEAL FROM COURT OF APPEALS
NO. 2019-CA-0050
WORKERS' COMPENSATION NO. 10-WC-71763

JAMES RIVER COAL; HONORABLE BRENT                          APPELLEES
EDWARD DYE, ADMINISTRATIVE LAW
JUDGE; DANIEL CAMERON, ATTORNEY
GENERAL OF KENTUCKY; AND WORKERS'
COMPENSATION BOARD

**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING**

KRS[1] 342.125(3) sets a limitations period of four years following the date of the original award of benefits for filing a motion to reopen a workers' compensation claim. Three years after his original award, Lowell Harris began filing a series of motions to reopen, alleging his condition had worsened. Two such motions the Chief Administrative Law Judge dismissed, and no litigation ensued on the merits of the reopening. Upon filing his third motion to reopen, Harris argued the denial of the two earlier motions reset the four-year time for the third one, which he filed more than five years after the original award. The ALJ rejected Harris's resetting argument and dismissed the third reopening

---

[1] Kentucky Revised Statutes.

motion as untimely. The Workers' Compensation Board and the Court of Appeals affirmed the ALJ's decision. On appeal, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2013, Harris was awarded partial permanent disability benefits for a head injury arising out of a 2010 work-related injury at James River Coal. After the original award, Harris filed three motions to reopen.

The first motion came in May 2016, three years after the original award, as Harris attempted to reopen his claim alleging his condition had worsened and completely disabled him. Chief Administrative Law Judge (CALJ) Swisher denied the motion, finding that Harris failed to meet the prima facie showing of grounds enumerated in KRS 342.125(1). The second motion Harris filed in October 2016. This time, CALJ Swisher denied the motion because under KRS 342.125(3), a movant may not file a motion to reopen within one year of a previous motion to reopen.

In January 2018, Harris filed a third motion to reopen. Rejecting James River's argument that the motion was time-barred, coming four years after the original award, CALJ Gott issued an order allowing Harris's reopening to proceed on the merits. CALJ Gott accepted Harris's argument that the third motion was timely because the denial of the first motion to reopen in 2016 amounted to a "denial of benefits" and therefore reset the running of the four-year limitations period. CALJ Gott ruled that Harris's second, October 2016, motion did not reset the limitations period because under KRS 342.125(3) "no party may file a motion to reopen within one year of any previous motion to reopen by the same party."

2

While Harris's third reopening proceeded toward a decision on the merits, the General Assembly amended KRS 342.125(3), effective July 14, 2018, adding the following language:

> Orders granting or denying benefits that are entered subsequent to an original final award or order granting or denying benefits shall not be considered to be an original order granting or denying benefits under this subsection and shall not extend the time to reopen a claim beyond four (4) years following the date of the final, nonappealable original award or original order.

Accompanying the statute appears the following Legislative Research Commission Note regarding retroactive application of the amendments:

> Legislative Research Commission Note (7-14-18): This statute was amended in Section 4 of 2018 Ky. Acts ch. 40. Subsection (2) of Section 20 of that Act reads, "Sections 2, 4, and 5 and subsection (7) of Section 13 of this Act are remedial and shall apply to all claims irrespective of the date of injury or last exposure, provided that, as applied to any fully and finally adjudicated claim, the amount of indemnity ordered or awarded shall not be reduced and the duration of medical benefits shall not be limited in any way."

Ultimately, Harris's reopening claim was submitted, and ALJ Dye issued an order denying Harris's motion to reopen. Noting the language difference between the 1996 version of the reopening statute—in effect at the time Harris filed his motions—and the 2018 version of the same statute, the ALJ concluded that Harris's reopening was untimely under either version of the statute.

The Worker's Compensation Board affirmed the ALJ's decision and concluded that Harris's 2018 motion to reopen was filed beyond the time limit set by KRS 342.125. Agreeing with the ALJ's reasoning, the Board found the 2016 denials of reopening were not orders of grant or denial of benefits that extended the four-year limitations period because they were procedural rulings and not substantive. Acknowledging as correct the ALJ's finding that Harris's reopening fails under either version of KRS 342.125(3), the Board nevertheless

3

explicitly based its affirmance on the 1996 version of the statute because Harris's reopening was pending before the 2018 amendments took effect.

The Court of Appeals affirmed the Board's decision to deny Harris's 2018 reopening on similar grounds, i.e., that Harris's reopening was time-barred because the 2016 denial of reopening was a procedural rather than a substantive determination. The Court of Appeals similarly observed, as did the Board, that Harris's reopening must fail under either the 1996 or 2018 version of the statute, but the court stopped short of grounding its holding on the language of the amended statute, finding unnecessary a retroactive application of the newer version of the statute. Further, the Court of Appeals declined James River's invitation on cross-appeal to reverse the Board and remand for a rule that the 2018 version of KRS 342.125(3) retroactively applied to Harris's 2018 motion.

## II. ANALYSIS

### A. Standard of Review.

Our review of questions of law is de novo.[2] The present case presents undisputed facts. All issues for our review here are issues of law, so we review them de novo.

### B. The ALJ correctly determined that Harris' reopening is time barred.

Under KRS 342.125, reopening a worker's compensation claim is a two-step process that requires the moving party to make an initial showing of proof via motion to allow the fact-finder to infer that one or more of the enumerated grounds exists to allow a reopening and review of an award. The burden is on

---

[2] *Calloway Cty. Sheriff's Dep't v. Woodall*, 607 S.W.3d 557, 562–63 (Ky. 2020) (citing *St. Joseph Hosp. v. Frye*, 415 S.W.3d 631, 632 (Ky. 2013)).

4

the party seeking reopening to show the grounds for which reopening is sought.[3] As the Court of Appeals recognized, we explicitly held in *Hall v. Hospital Resources, Inc.*,[4] a denial at the prima facie stage is not considered an order granting or denying benefits. We explained in that case that a denial of a movant's motion to reopen only considers the grounds for an alleged change of benefits and does not address the merits of granting or denying benefits.[5] So a denial, as happened in the present case, on Harris's prima facie issues of a motion to reopen only means that Harris failed to meet his initial burden of showing a post-award worsening of the impairment attributable to the work-related injury that would entitle him to litigate an increase in his benefits.[6]

While Harris filed two petitions to reopen in 2016, neither proceeded to litigation. As a result, no litigation on Harris's claim for increased benefits ever commenced. Harris's time to file a proper motion expired in 2017. We agree with all the tribunals below that the only order granting or denying Harris benefits was the original award in 2013. His 2018 reopening motion is time-barred and was properly dismissed by the ALJ.

C. **Retroactive application of the 2018 amendments to KRS 342.125 is unnecessary to resolve this case.**

Harris argues a retroactive application of the 2018 amendments to KRS 342.125 violates his federal constitutional rights to due process and equal protection, but we find no violation. Although we find no error in the Court of Appeals' and Board's observations that Harris's claim must fail under both the

---

[3] KRS 342.125.

[4] 276 S.W.3d 775, 785 (Ky. 2008).

[5] *Id.*

[6] *Id.*

1996 and 2018 versions of KRS 342.125, addressing retroactive application of the 2018 amendment to Harris's case is unnecessary to our resolution of this case. And we decline to do so.

## III.     CONCLUSION

For these reasons, we affirm the Court of Appeals.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Ronald C. Cox

COUNSEL FOR APPELLEE:

James Gregory Allen

ADMINISTRATIVE LAW JUDGE:

Brent Edward Dye

Daniel Jay Cameron
Attorney General of Kentucky

WORKERS' COMPENSATION BOARD:

Michael Wayne Alvey, Chairman