A. Franklin Mahoney, J.
Pursuant to CPLR 3212 the petitioner seeks an order striking the respondent’s answer and directing summary judgment in an amount to be determined by the court.
¡Subdivision 1 of section 56 of the Public Service Law states: “ 1. Every common carrier, railroad corporation * * * shall obey * * * every order made by the commission so long as the same shall ibe and remain in force. Any common carrier, railroad corporation # * * which shall violate any provision of this chapter or any provision of law requiring the consent, permission or approval of the 'Commission * * * or which fails, omits or neglects to obey, observe or comply with any order * * * of the commission,' shall forfeit * * * not to exceed the sum of five thousand dollars for each and every offense; every violation of any such order * * * shall be a separate and distinct offense * * * and every day’s continuance * * * shall be and be deemed to be a separate and distinct offense.”
It is the position of petitioner that on June 5, 1969, after extensive public hearings, the Public Service Commission *921 adopted an order and caused it to be served upon respondent. Clause 12 of said order, pursuant to subdivision 1 of section 23 of the Public 'Service Law, contained the following directive: “ 12. That Penn .Central ¡Company shall within ten days of the date of service of this order notify the Commission in writing whether this order, all of its terms and conditions and the revised standards of service are accepted and will be obeyed.” More than 10 days elapsed from the date of service of the order without satisfactory compliance by respondent as to whether they would accept and obey or reject the terms and conditions of the order. On July 3, 1969, respondent applied for a rehearing before the Public Service 'Commission and such rehearing was granted on July 22, 1969. Without conceding that such application abrogated the order of June 5,1969, or constituted compliance therewith, the petitioner, nevertheless, seeks daily penalties only from June 16 to July 3, 1969.
Respondent railroad challenges the petitioner’s right, on three grounds, to any penalty; they are, (1) that service of the June 5 order was improper and ineffective; (2) that the language of subdivision 1 of section 56 of the Public Service Law in particular and the tenor of the Public Service Law generally, strictly construed, raises doubts which should be resolved against a petitioner seeking to impose penalties and, (3) in any event the respondent, by written communications with petitioner within the 10-day period, sufficiently complied with the order to prevent the imposition of a penalty.
Section 23 of the Public Service Law provides that, “ Every order of the commission shall be served upon every person or corporation * * * by personal delivery * * * or by mailing a certified copy thereof * * * in the case of a corporation, to any officer or agent thereof upon whom a summons may be served in accordance with the provisions of the civil practice act.” Petitioner’s affidavit of service recites that the order was served by mail on June 5, 1969 upon five separate officials of respondent railroad, three of whom were designated as general managers, one as general attorney and one as general solicitor. 'Service by mail on four of the above-described officers was in New York, the other in Pennsylvania.
It is noted that the OPLR, unlike the ©CPA, does not provide for service by direct mail either upon an individual or a corporation. A summons may only be served upon a corporation by serving “ an officer, director, managing or general agent, or cashier or assistant cashier or any other agent authorized by appointment or by law to receive service ’ ’. (CPLR 311, subd. 1.) However, in the matter at bar we are not concerned with *922 the service of a summons nor are we concerned with the issue of jurisdiction. Subdivision 1 of section 5 of the Public 'Service Law gives to the Public ¡Service ¡Commission continuing jurisdiction over all railroads operating within the State. Section 23 of the Public Service Law creates a statutory method of serving an order of the commission upon a corporation and, by reference to the CPLR, designates those upon whom such service can be made. Petitioner alleges compliance by service upon a “general manager ”. Respondent states none of the five individuals served are officers, managing agents or general agents or were ever authorized to accept service.
In the absence of proof from either party as to exactly what powers involving the exercise of judgment the individuals served actually performed, the court is constrained to distinguish between the service of a summons and the service of an order. In the former, an attempt is being made to invoke the jurisdiction of a court and no equivalent for procedure mandated by •statute should be countenanced. When, however, a body is acting under a statutory grant of jurisdiction, the purpose of service of an order is to give notice and when that objective is achieved a departure from express statutory terms, in the absence of prejudice, is tolerable.
Next, respondent railroad argues that any construction of subdivision 1 of section 23 of the Public Service Law that would permit the commission to require a “commitment” within a period less than that allowed to petition for a rehearing (30 days; Public Service Law, § 22) would render a petition for rehearing meaningless. .This argument is based on a misreading of the appropriate provisions of sections 22 and 23 of the Public Service Law. Section 23, in part, states, “within a time specified in the order of the commission every * * * cor-
poration upon whom it is served must if so required in the order notify the commission in writing, whether the terms of the order are accepted and will be obeyed ’ ’. The word “ whether ”, by itself, is an indirect question involving alternatives. Respondent railroad could have, within the 10 days specified in the order, complied with the statute by informing the commission that it would not accept or.obey the terms of the order. No “ commitment ” to vast expenditures of money was required by paragraph 12 of the order unless the railroad chose to make such a “ commitment ” by acceding to the terms of the order.
Similarly, the railroad, while conceding that an application for a rehearing (Public Service Law, § 22) does not operate as a stay of an order issued pursuant to section 23 of the Public Service Law, contends that only the substantive provisions of *923 the order continue unabated, i.e., the ultimate requirement to purchase new equipment, etc., within two years of the date of the order, 'but that the procedural requirement to indicate within the time specified whether it will accept and obey the order, is abrogated. In my view, any comprehensive reading of section 22 compels the conclusion that an application for a rehearing “ shall not excuse any corporation * * * from complying with or obeying any order or any requirement of any order of the commission, or operate in any manner to stay or postpone the enforcement thereof ’ ’.
Next, the respondent claims that in its application for rehearing it attacks, on constitutional grounds, the right of the commission to issue such an order and, it continues, since the petition for rehearing was granted there is necessarily implicit in its right to a rehearing a recognition by the commission of possible unconstitutionality that should erode the effectiveness of the order as a genesis for a penalty proceeding. This argument has genius, if not merit. Its lack of merit rests on respondent’s insistence that clause 12 of the order mandated acceptance of the terms of the order requiring vast outlays of money to an extent that is unreasonable and a taking of property in violation of due process. For reasons already noted I have rejected that position. The order made no such demand. The respondent could have complied with clause 12 by notifying the commission that it would not accept or obey the order. Next, while there are a number of constitutional and statutory provisions restricting the grant of franchises, a grantee of such a privilege from the people cannot be heard to challenge reasonable regulations. The terms and conditions of franchises are fixed by the Legislature and, when challenged, construed in favor of the grantor, i.e., in the interests of the public. What is reasonably necessary to the exercise of the franchise in the public interest is determinative of questions of construction. The demand of the order that respondent state in writing within 10 days of receipt of the order “ whether ” it intended to obey was, in my view, reasonable. Further, since the possibility exists that the alleged onerous terms of the order could be changed by the commission after rehearing and, further, if not, the fact that respondent could proceed by article 78 review to challenge anew the terms of the order, all mitigate, at this juncture of the case, against sustaining any attack on the order on constitutional grounds.
Finally, respondent railroad claims, in any event, it sufficiently complied with the terms of paragraph 12 of the order to prevent the imposition of a penalty. The basis for this posi *924 tion are two letters to the commission from respondent’s attorney. Each of the letters, June 6 and June 12, challenges the authority of the commission and recites a refusal to accept service by the execution of a form of admission of service, supplied by the commission, and which had typed in below the usual language for admission of service, the following phrase, “ and hereby accepts and agrees to obey all of the terms and conditions of the said order of the Public Service 'Commission.”
The letters of June 6 and June 12, in my view, would have complied with the provisions of section 23 of the Public Service Law because, within the 10 days prescribed, they would have constituted a negative response which is permissible by the terms of section 23. However, such written response “ shall be signed and acknowledged by a person or officer duly authorized by the corporation to execute such acceptance and agreement.” Respondent’s attorney concededly was neither “a person or officer ’ ’ so authorized. While I sympathize with the position taken by respondent’s attorney in refusing to execute the admission of service in the form in which it was forwarded and, further, criticize as being misleading and unfair the act of the commission in distorting the terms of the statute, I cannot, nevertheless, ignore the mandate of the law and relieve respondent of its obligation to comply with the command of section 23 of the Public ¡Service Law.
The answer is stricken and summary judgment is granted to the extent that respondent be required to forfeit to the People of the 'State of New York the sum of $250 for each day from June 16 to July 3, 1969, inclusive.