**NATURAL RESOURCES & ENVIRON-
MENTAL PROTECTION
CABINET, Movant,**

v.

**PINNACLE COAL
CORPORATION, Respondent.**

Supreme Court of Kentucky.

April 2, 1987.

Rehearing Denied June 11, 1987.

Glenna Jo Curry, Natural Resources & Environmental Protection Cabinet, Frankfort, for movant.

Joseph K. Beasley, Harlan, for respondent.

STEPHENSON, Justice.

The trial court entered a summary judgment upholding an assessment against Pinnacle Coal Corporation for excessive air pollution. The Court of Appeals vacated the judgment of the trial court. We granted discretionary review and affirm the decision of the Court of Appeals.

Natural Resources assessed a civil penalty against Pinnacle for air pollution. The background is not essential to this appeal, as the question involved on appeal is whether effective service of the final report of the hearing officer upon counsel for Pinnacle constituted service on Pinnacle.

The section of the statute governing hearings and notice of decisions by the Natural Resources and Environmental Protection Cabinet is KRS 224.083(1), which provides:

> ... The hearing officer shall serve a copy of his report and recommended order upon *all parties* of record to the proceeding, and they shall be granted the right to file within seven (7) days of receipt exceptions thereto. The secretary shall consider the report and recommended order and pass upon the case. The decision shall be served by mail upon *all parties* and shall be a final order of the cabinet.

Natural Resources served the report on counsel for Pinnacle, contending that *parties,* as used in the statute, also means the attorney for the party and that service of notice in these matters is governed by 400 K.A.R. 1:030, Section 3(2), which states:

> Whenever under these rules service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party is ordered by the hearing officer.

Thus, the question presented is whether the regulation adopted by Natural Resources is in conflict with the statute.

■ We are of the opinion that it is in conflict and that the service here upon the

attorney instead of the party is a nullity. This is an administrative proceeding, and procedural matters, including notice, are prescribed by the legislature. Here, the statute plainly states that service should be on *all parties.* The only meaning to be ascribed to this statute is that the *parties* shall be served and not the attorney for the parties.

■ Administrative agencies are bound by the procedural dictates of the statutes and are not empowered to adopt regulations in conflict with plain statutory provisions.

Natural Resources argues that we have heretofore held that service on the attorney complies with a statutory requirement of service on the parties. In support of this assertion, worker's compensation cases are cited. The difficulty with this argument is that the procedural provisions of the statutes are different. In worker's compensation matters, KRS 342.135, enacted in 1916, provides how notice is to be served:

> Any notice required to be given under this chapter shall be considered properly given and served when deposited in the mail in a registered letter or package properly stamped and addressed to the person to whom notice is to be given at his last known address and in time to reach him in due time to act thereon. *Notice may also be given and served like notices in civil actions....*

Here, the requirement of the statute on serving notice is clear. The regulation is in conflict with the statute, and service on counsel here violates the statute and is not effective service.

Pinnacle did not receive effective notice of the decision of Natural Resources.

The decision of the Court of Appeals is affirmed, and the judgment of the trial court is reversed.

STEPHENS, C.J., and STEPHENSON, VANCE and WINTERSHEIMER, JJ., concur.

LAMBERT, J., dissents and files a separate dissenting opinion in which GANT and LEIBSON, JJ., join.

LAMBERT, Justice, dissenting.

I respectfully dissent.

It is undisputed that the hearing officer's reports and the secretary's final order were timely served upon counsel for Pinnacle Coal Corporation. No contention is made that Pinnacle failed to get timely notice or suffered any prejudice. Nevertheless, this Court's majority has held that failure to serve "all parties" (KRS 224.083(1)) is fatal to Natural Resources' claim.

It is a fundamental principle of Kentucky law that an attorney is an agent for his client. In *Daugherty v. Runner,* Ky.App., 581 S.W.2d 12 (1978), this principle was stated as follows:

> The relationship of attorney-client is a contractual one, either expressed or implied by the conduct of the parties. The relationship is generally that of principal and agent; ....

Likewise, in *Lisanby v. Illinois Central Railroad Co.,* 209 Ky. 325, 272 S.W. 753 (1925), the relationship between attorney and client was described as follows:

> It must be admitted that, in the preparation and trial of a lawsuit, the attorney acts as the agent of his client, and that the client is bound by the acts of his attorney in the course of that litigation. It is also the general rule that knowledge of an attorney, at least where acquired in the course of his employment, is knowledge of his client.

From the foregoing, there can be no doubt that an attorney is the agent of his client. Such relationship imposes upon the attorney a duty to inform his client promptly of any known information important to the client and generally to fully disclose all material facts. See 7 Am.Jur.2d, *Attorneys at Law,* § 120 (1980), and 3 Am. Jur.2d, *Agency,* § 211 (1986). Informing a client that the hearing officer's reports had been received and that the Secretary had issued a final order would be a fundamental duty arising out of the relationship.

The issue before this Court appears to have been settled long ago in *Jones v. Davis,* 246 Ky. 293, 54 S.W.2d 681 (1932), a Worker's Compensation case. The statute

then in effect and under consideration by the Court was as follows:

> The board, or any of its members, shall hear the parties at issue and their representatives and witnesses and shall determine the dispute in a summary manner. The award, together with a statement of the findings of fact, rulings of law and any other matters pertinent to the question at issue, shall be filed with the record of proceedings, and a copy of the award shall immediately be sent *to the parties in dispute.* (Emphasis added.) Section 4933, Ky. Statutes.

Contrary to the language of the statute, a copy of the award was not sent to the claimant nor was a copy sent to his counsel. Instead, a copy was sent to "a disinterested third party" who in turn delivered the copy to claimant's counsel. In response to this, the Court said:

> It was delivered to the appellant's counsel by the third party, which, for the purpose of section 4933, served the purpose of its requirement.

In *Kelley's Adm'r v. Abram,* 20 F.Supp. 229 (E.D.Ky.1937), plaintiff, as administrator, brought an action for wrongful death in the Madison Circuit Court. The defendant filed a petition for removal to the United States District Court. Plaintiff moved to remand asserting, *inter alia,* that "the notice of the filing of the petition and bond was not served upon the plaintiff in person ..." as required by the federal removal statute. The statute in question stated: "Written notice of said petition and bond for removal shall be given the adverse party or parties prior to filing the same." Notice was not given to the party or parties, but prior to filing, copies of the petition and bond were served upon one of plaintiff's attorneys. The Court said:

> It is a familiar rule prevailing in both federal and state courts that, after an action has been commenced, notice of a modal or formal step in the proceedings is sufficiently given to a party who is before the court and who is represented by an attorney of record, if it be served upon such attorney, unless otherwise

specifically provided by statute or rule of court. ....

> ... I am of the opinion that the service of the notice upon one of the plaintiff's attorneys of record satisfied the statutory requirement.

It has long been the accepted practice to serve pleadings, motions, notices, orders and judgments upon parties represented by counsel by service only upon counsel. The opinion of the majority represents a departure from this practice. Hereafter, administrative agencies will send orders and judgments to counsel for represented parties and the parties themselves. The only result which will have been achieved is additional paperwork and expense upon the administrative agencies of this Commonwealth.

GANT and LEIBSON, JJ., join in this dissent.