ARKANSAS CONTRACTORS LICENSING BD. *v.*
F & F CONCRETE PRODUCTS, INC.

88-265                                            763 S.W.2d 86

Supreme Court of Arkansas
Opinion delivered January 30, 1989

*Steve Clark*, Att'y Gen., by: *Rick D. Hogan*, Asst. Att'y Gen., for appellant.

*Larry E. Graddy*, for appellee.

DARRELL HICKMAN, Justice. The only issue in this case is whether an administrative order, including findings of fact and conclusions of law, was properly served on a corporate defendant. The trial court held that service was inadequate, evidently holding service had to be the same as service of a summons on a corporation. Ark. Code Ann. § 16-58-124(a) (1987). We disagree. The order dismissing the complaint is remanded for further proceedings.

F & F Concrete Products, Inc., the appellee, was charged by the Contractors Licensing Board with building sidewalks in Conway without a contractor's license. F & F was served with notice of the hearing by mail and that notice was received by H. Reno. The president of F & F, Mr. J. F. O'Kelley, was present at the hearing and present when the judgment was entered imposing a penalty of $2,500 on F & F.

The board's order containing its findings of fact and conclusions of law was mailed to F & F and again Mr. H. Reno signed for it. When the order was ignored, F & F was written twice and asked to pay the penalty. After ten months, suit was filed in circuit court to collect the penalty. The board asked for summary judgment, but F & F claimed service was not proper since the president of F & F, its agent for service, had not received notice of the order. It was not contended no notice was received, only that it was not legal notice. The judge agreed and dismissed the board's complaint.

Service of an order of an administrative agency can be by mail. Ark. Code Ann. § 17-22-103(e)(3) (1987); Ark. Code Ann. § 25-15-210(c) (1987). There is no requirement that such service comply with the law regarding service of summons. *See People* v. *Penn. Central Co.*, 60 Misc.2d 919, 304 N.Y.S.2d 149

(1969). In this case notice was adequate.

Reversed and remanded.