OPINION OF THE COURT BY
JUSTICE KELLER
An Administrative Law Judge (ALJ) found that Isaías Silva-Lamas became permanently and totally disabled as a result of a work-related injury that he suffered while employed by Luis Lopez, an uninsured employer. Those findings are not disputed. However, the Uninsured Employers Fund (UEF) contests whether Lopez was properly notified of Silva-Lamas’s claim. The ALJ, the Workers’ Compensation Board (the Board), and the Court of Appeals held that notice was properly given. We agree and affirm.
I. BACKGROUND.
On April 11, 2012, Silva-Lamas, who was a month away from his 29th birthday, was working as a brick mason’s helper when he fell from a ladder and suffered multiple cervical fractures. As a result, Silva-Lamas hás no use of his legs, very limited use of his arms, and little to no use of his hands. In his initial application for resolution of injury claim, Silva-Lamas named Jose Aca-hua as his employer. Acahua did not have any workers’ compensation insurance; therefore, the Chief ALJ joined the UEF as a party.
During the course of discovery, the parties determined that, at the time of his injury, Silva-Lamas was working on a house owned by Barry Chaney. Chaney and his wife decided to put a “brick and wood” porch on the back of their house. Chaney hired a contractor named Timber-wolf to perform the framing and carpentry, and he intended to hire his brother-in-law, Stonie Newsome, to perform the masonry work. However, by the time Timber-wolf completed its part of the construction, Newsome was too busy with other projects to do the masonry work. Therefore, New-some had one of his employees, Jose Aca-hua, contact Luis Lopez to see if Lopez could do the work. Following some negotiations, Lopez agreed to do the work, and he enlisted Silva-Lamas and two others to assist him. Acahua did not perform any work on the job but acted as an interpreter among Lopez, his helpers, and Chaney, and Acahua apparently handled some of the monetary transactions between Chaney and Lopez, who acted as the “boss” on the job.
Based on the preceding evidence, Silva-Lamas moved to join Newsome and Lopez as defendant/employers. The ALJ denied Silva-Lamas’s motion as to Newsome but granted it as to Lopez and sent a copy of the joinder order to Lopez by first-class mail. Following the ALJ’s joinder order, Silva-Lamas filed a second Application for Resolution of Injury Claim, naming Lopez as his employer. The Commissioner of the Department of Workers’ Claims (the DWC), pursuant to 803 KAR 25:010 Section 3, sent a copy of that application to Lopez via first class mail. The postal service returned that mailing stamped “undeliverable.” Because it appeared that Lopez never received notice of the claim, the UEF contested the DWC’s jurisdiction to proceed against him, and by extension, against the UEF. The ALJ rejected the UEF’s argument, finding that, because Silva-Lamas had done all that was required of him to file his claim, the DWC had jurisdiction over Lopez.
The UEF appealed to the Board, which affirmed, agreeing with the ALJ that Silva-Lamas acted appropriately pursuant to 803 KAR 25:010 in filing his claim. The *318 Board also found that the DWC acted appropriately pursuant to the regulation by serving the application on Lopez via first class mail. The UEF then sought review by the Court of Appeals, which-affirmed. .
As it did below, the UEF argues that,pursuant to Kentucky Revised Statute (KRS) 342.135, the commissioner of the DWC was required to serve notice of Silva-Lamas’s claim by registered mail. According to the UEF, the commissioner’s failure to do so deprived the ALJ of jurisdiction over Lopez and, by extension, over the UEF. For the reasons set forth below, we disagree and affirm, albeit for different reasons than those expressed by the Board and the Court of Appeals.
II. STANDARD OF REVIEW.
As a general rule, we grant deference to the findings of an ALJ; however, when the issue is purely a question of law, as this is, we review the matter de novo. See Saint Joseph Hosp. v. Frye, 415 S.W.3d 631, 632 (Ky. 2013).
III. ANALYSIS.
KRS 342.270(1) states that, if the parties fail to reach an agreement as to compensation, “either party may make written application for resolution of claim.” 803 EAR 25:010 Section 3(2) provided at the time that the application had to be “filed [with the DWC] with sufficient copies for servicé on all parties.”[1] Once an application is filed, the commissioner of the DWC is required to “issue notice of the filing to all parties and” to “promptly-assign the claim to an administrative law judge.” KRS 342.270(2). Pursuant to 803 KAR 25:010 Section 3(2), the commissioner then serves the application “by first class mail.”
As the UEF notes,-the service provision of the preceding regulation appears to be at odds with KRS 342.135, which states in pertinent part that:
Any notice required to be given under this chapter shall be considered properly given and served when deposited in the mail in a registered letter or package properly stamped and addressed to the person to whom notice is to be-given at his last known address and in time to reach him in due time to act thereon. Notice may also be given and served like notices in civil actions.
The UEF argues that KRS 342.135 requires that notice of a claim be served on the employer by registered mail, and that the DWC did not have jurisdiction over Lopez because the Commissioner failed ,to serve Lopez by registered mail. However, the UEF’s interpretation of KRS 342.135 is faulty for two reasons.
First, the first sentence of KRS 342.135 states that notice given or served by registered mail is deemed adequate. That sentence does not state it is mandatory for notice to be given or served by registered mail or that registered mail is the only method by which notice may be given or served. If the General Assembly had wanted registered mail to be the only acceptable method to give or serve notice, it would have made that method mandatory; which leads us to the second reason the UEF’s interpretation is faulty.
We presume that the General Assembly intended for the statute to be construed as a whole, and for all of its parts to have meaning. Hall v. Hospitality Resources, Inc., 276 S.W.3d 775 (Ky. 2008); Lewis v. Jackson Energy Cooperative Cor- *319 potation, 189 S.W.3d 87 (Ky. 2005), Looking at KRS 342.135 as a whole, it is clear that the General Assembly intended to provide two methods for notices to be given or served. The first is by registered mail, the second is pursuant to whatever method the civil, rules deem adequate. We cannot, by adopting the UEF’s interpretation, simply negate this second method by which notice may be given or served.
The UEF argues that this Court’s opinion in Nat. Resources & Environmental Protection Cabinet v. Pinnacle Coal Corp., 729 S.W.2d 438 (Ky. 1987) is on “all fours” with this matter. The UEF is mistaken. In Pinnacle, the Cabinet, pursuant to a regulation, served Pinnacle’s attorney with the hearing officer’s final report. Id. Pinnacle contested the adequacy of that service, noting that the relevant statute required service on the party, not on its attorney. Id. The Cabinet argued that service was adequate because it complied with the regulation, which required service on a represented party’s attorney rather than on the party. Id. The Court held that service , by the Cabinet was not adequate because the statute, not the regulation, controlled. Id. at 439. Unlike the statute at issue in Pinnacle, which made service on the party mandatory, the statute herein provides that service may be by registered mail', 6r by a method consistent with the civil rules. Therefore, Pinnacle is neither controlling nor persuasive.
The preceding does not'dispose of this issue because we must determine if service was appropriate under the civil rules, Kentucky Rule of-Civil Procedure (CR 5.01) provides that “every written notice ... shall be served upon each party except those in default for failure to appear. Parties in default shall be given notice of pleadings asserting new or additional claims for relief against them by summons or warning order....” CR 5.02 provides that, “whenever ..-. service is required or permitted to be made[,] ... [sjervice ... shall be made by ... mailing [the thing to be served] to the ... party at the last known address of such person.”[2] Based on CR 5.01 and 5.02 the Commissioner’s mailing of notice of Silva-Lamas’s claim to Lopez complied with the service requirements of the Civil Rules for three reasons.
First, at the time the notice was mailed, Lopez was not in default and the notice did not contain new or additional claims of relief as envisioned by the rule.[3] Second, because CR 5.02 provides no modifier to “mailing,” any method of mailing, including first-class, is acceptable.[4] Third, taking the UEF’s argument that all notices must be mailed by registered mail to its logical conclusion, the following would have to be made by registered mail: “notice of the accident,” as required by KRS 342.185, *320 “notice of the assignment of the claim to an [ALJ] ” as required by KRS 342.272; an employee’s written notice of rejection of the Act, as required by KRS 342.395; and notice of cancellation of insurance coverage as required by KRS 342.340. Requiring those notices to be sent by registered mail would put a substantial financial drain on injured workers and the workers’ compensation system because the minimum charge for a registered mailing by the United States Post Office starts at $12.20.[5] https://ribbs.usps.gov/shipproductsservices/ documents/tech_guides/ExtraServices Webinar.pdf.
The UEF also argues that Lopez was entitled to notice of the claim as a matter of due process. Implicit in that argument is the notion that, if Lopez or any other employer simply cannot be served with notice of a claim, no liability can attach to the UEF. That implication is faulty because KRS 342.630 provides that employers are “mandatorily subject to” the provisions of the Act. As noted above, the Act provides that notice may be served pursuant to the Civil Rules, which do not require that notice must be received to be effective. Furthermore, KRS 342.760(4) provides that “[t]he [UEF] shall be responsible for the payment of compensation when there has been default in the payment of compensation due to the failure of an employer to secure payment of compensation as provided by this chapter[,]” i.e. by obtaining insurance or self-insuring. The liability imposed on the UEF by this statutory provision is contingent on the employer’s status as insured, not on the employer’s receipt of notice of the claim.
Finally, we note that service by registered mail does not guarantee that the addressee will receive the mailed documents. At best, registered mail guarantees that the post office attempted to make delivery and provides for a return if delivery was not possible. That is exactly what occurred with the Commissioner’s first-class mailing of the notice herein. Therefore, whether the Commissioner had mailed the notice of claim by registered mail or by the method provided for in the regulation, the result would have been the same.
IV. CONCLUSION.
For the foregoing reasons, the Court of Appeals is affirmed.
Minton, C.J.; Cunningham, Hughes, Keller and Venters, JJ., concur.
Wright, J., dissents by separate opinion.
VanMeter, J., not sitting.

. At the time of this litigation, the regulation referred to the commissioner as the "executive director.” That has since been amended. Furthermore, in 2017, the regulation was amended to reflect the DWC’s use of electronic filing rather than paper filing.

. CR 5.02 has changed since this litigation. It now states "Service is complete upon mailing unless the serving party learns or has reason to know that it did not reach the person served.” However, that language was not in the Rule at the time of this litigation.

. The new or additional claims referred to in CR 5.01 are claims that were not asserted in the initial complaint. In workers’ compensation there are no “complaints.” Furthermore, even if the application for adjustment of injury claim were deemed to be a complaint, the application filed against Lopez would have been tantamount to the initial complaint.

.This is consistent with the majority of references to the provision of notice to litigants by a governmental body. CR 76.04 provides that notice of entry of judgment shall be made by mail. CR 73.03 provides that the clerk shall serve notice that an appeal has been filed "by mailing a copy,” CR 76.36' provides that the clerk shall mail to each respondent notice that an original proceeding has been filed in an appellate court. Furthermore, while references in the Rules to service of notice by parties do not specifically state that service is by mail, those rules default to CR 5.02’s requirement.

. While such economic concerns are best left to the General Assembly, we note this cost differential because the purpose of registered mail is to provide insurance for what is being mailed. It is not to ensure delivery.