Cite as 2026 Ark. App. 50

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-24-638

| | |
|---|---|
| | **Opinion Delivered** January 28, 2026 |
| DANNY CALDWELL AND FEDERICO VILLAFRANCO<br>APPELLANTS<br><br>V.<br><br>ARKANSAS RACING COMMISSION<br>APPELLEE | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTEENTH DIVISION [NO. 60CV-22-4112]<br><br>HONORABLE MORGAN E. WELCH, JUDGE<br><br>AFFIRMED |

## BRANDON J. HARRISON, Judge

Danny Caldwell and Federico Villafranco appeal the Pulaski County Circuit Court order that dismissed their petition for judicial review and affirmed the order of the Arkansas Racing Commission (the Commission). We affirm.

On 14 December 2020, the board of stewards at Oaklawn Park (the Board) issued rulings disqualifying four horses—Millwood, Council Rules, Fayette Warrior, and D'Rapper—due to positive tests for caffeine, a Class 2 substance, in violation of Arkansas Racing Commission (ARC) Rule 1217. *See* Ark. Admin. Code 006.064–6 § 1217 (WL current through July 15, 2025). Federico Villafranco, the horses' trainer, received a thirty-day suspension, and both Villafranco and Caldwell, the horses' owner, were ordered to forfeit their respective shares of the purses won by the horses.

Villafranco and Caldwell (collectively, "Caldwell") appealed to the Commission, which upheld the Board's rulings. The Commission issued its findings of fact, conclusions

of law, and order on 20 May 2022. The Commission's order directed the Board to issue a revised ruling specifying a thirty-day period during the 2022–2023 Oaklawn race meet when Villafranco would serve his suspension.

On 27 June 2022, Caldwell petitioned for review in the Pulaski County Circuit Court. On 10 June 2024, the circuit court found that their petition was untimely, denied their constitutional challenges, found that the Commission's regulations are not arbitrary and capricious, and found that the Commission's order was "adjudicated in compliance with the Commission['s] rules, the administrative procedures act, and due process, and it was supported by substantial evidence." Caldwell timely appealed the circuit court's order.

Caldwell first argues that the circuit court erred in finding the petition for judicial review untimely. The Arkansas Administrative Procedure Act (APA) provides that in every case of an agency adjudication, a final decision or order shall be in writing or stated in the record, and "[p]arties shall be served either personally or by mail with a copy of any decision or order." Ark. Code Ann. § 25-15-210(b) & (c) (Repl. 2024). Thereafter, an appealing party has thirty days to appeal the agency's final decision by filing a petition for review in the Pulaski County Circuit Court or the circuit court of any county in which the petitioner resides or does business. Ark. Code Ann. § 25-15-212(b)(1) (Repl. 2024).

As mentioned, Caldwell petitioned for judicial review of the Commission's decision on June 27. The Commission responded and asserted in part that Caldwell had failed to file their petition within thirty days after they were served with the Commission's decision as required by Arkansas law. The Commission explained to the circuit court that it had voted unanimously, on 23 April 2022, to uphold the ruling of the Board; that the Commission's

2

findings of fact, conclusions of law, and order were signed on 20 May 2022; that a copy of the findings of fact, conclusions of law, and order were emailed to Clark Brewster, Caldwell's attorney, on 20 May 2022; and that Mr. Brewster acknowledged receipt of the email and copies of the findings of fact, conclusions of law, and order on 20 May 2022. The Commission therefore concluded that Caldwell's petition for judicial review, filed on June 27, was clearly outside the thirty-day deadline, and the petition should be dismissed.

In their reply brief filed in circuit court, Caldwell argued several points: (1) that service of the final order is not governed by the Arkansas Rules of Civil Procedure and that the thirty-day time period had not been triggered because the Commission was required to serve the petitioner with the final order, not the petitioner's attorney; (2) that even if the rules of civil procedure applied, their petition was timely under those rules; and (3) that even if the rules of civil procedure applied, the Commission never properly affected service. (These arguments will be addressed in more detail *infra*.) In its 10 June 2024 order, the circuit court found, without elaboration, that the petition for judicial review had not been timely filed.

The Caldwell appellants raise the same arguments on appeal that they did below. First, they question whether an email to a petitioner's counsel, without more, constitutes "service upon petitioner" under Ark. Code Ann. § 25-15-212(b)(1). Caldwell notes that there is no Arkansas case law on point but cites a Kentucky case, *Natural Resources & Environmental Protection Cabinet v. Pinnacle Coal Corp.*, 729 S.W.2d 438, 438 (Ky. 1987), in which the applicable statute required service of a final order "by mail upon all parties," but the agency mailed the order only to the party's counsel. The Kentucky Supreme Court

3

held that "[a]dministrative agencies are bound by the procedural dictates of the statutes" and concluded that service upon petitioner's counsel was contrary to the statute's plain language. *Id.* at 439.

Caldwell argues that the Commission must likewise strictly follow the procedural requirements that the legislature established for providing notice of a final agency action, which plainly requires service "upon petitioner." Ark. Code Ann. § 25-15-212(b)(1). They assert that "the first rule in interpreting a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language," *State v. Van Voast*, 2022 Ark. 195, at 4, 654 S.W.3d 59, 61, and courts "will not read into a statute language that was not included by the legislature." *BHC Pinnacle Pointe Hosp., LLC v. Nelson*, 2020 Ark. 70, at 17, 594 S.W.3d 62, 73. To hold otherwise would be to read into the statute the implication that service on the petitioner's agent is sufficient. Caldwell contends that if the legislature had meant for constructive notice under the Arkansas Rules of Civil Procedure to apply, it would have said so. *See* Ark. Code Ann. § 25-15-212(b)(2) (requiring a petition for judicial review to be served upon the agency and all other parties of record in accordance with the Arkansas Rules of Civil Procedure).

Caldwell also argues that even if the rules of civil procedure govern the methods of service, the record contains no evidence that the Commission properly served the petitioners under those rules. Neither Caldwell nor Clark Brewster are Arkansas residents, and a method for serving process out of state is effective only if it is authorized by the out-of-state jurisdiction, which is Oklahoma in this case. *See* Ark. R. Civ. P. 4(h)(2). Service of process upon counsel is not a permitted method of service in Oklahoma, and neither is

4

email. 12 Okla. Stat. tit.12, § 12-2004(C) (West, Westlaw through the First Regular Session of the 60th Legislature (2025)). Under these circumstances, Caldwell asserts, the thirty-day period never began to run.

Finally, Caldwell asserts that if this court determines that service was effected "upon petitioner" via the email sent to their counsel, their petition was still timely. The Commission affirmed the propriety of imposing a penalty in its May 20 order, but the case was remanded to the Board to determine when that penalty should be imposed. The dates that a penalty will be served is an essential term of the penalty, must be exhausted, and is reviewable for an abuse of discretion. *See Ark. Dep't of Health & Hum. Servs. v. Smith*, 370 Ark. 490, 493, 262 S.W.3d 167, 170 (2007) ("Where a party has failed to exhaust his or her administrative remedies, the trial court lacks jurisdiction over the suit.").

Caldwell asserts that the Commission's penalties became final on 24 May 2022, when the Commission issued its final order setting the dates for Villafranco's suspension. Thirty days after May 24 was June 23, and because the Commission elected to proceed via email upon counsel, the mail rule applied, which added three additional days. Ark. R. Civ. P. 6(d). The third day fell on a Sunday, which pushed the filing deadline to the following Monday, June 27. Thus, the petition was timely filed.

In response, the Commission asserts that there is no dispute that it issued its findings of fact, conclusions of law, and order on 20 May 2022, that the order was sent to Caldwell's counsel that same day, and that counsel acknowledged receipt of the order. The Commission acknowledges that the statute requires service "upon petitioner" but notes that the statute does not set forth how service must be accomplished. The Commission contends

5

that it properly distributed a copy of the order to the parties through counsel and that to argue that service was insufficient "contradicts both the standard of practices in the State of Arkansas and the entire purpose of having an attorney to represent a party." As persuasive authority, the Commission cites Ark. R. Civ. P. 5, which clarifies that "whenever under this rule or any statute service is required or permitted to be made upon a party represented by an attorney, the service shall be upon the attorney." Ark. R. Civ. P. 5(b).

The Commission argues that it makes sense that a reference to a "party" or "petitioner" implicitly includes a party's attorney (if represented) because Arkansas law is clear that "[t]he rules of agency generally apply to the relationship of attorney and client." *Henry v. Gaines-Derden Enters., Inc.*, 314 Ark. 542, 551, 863 S.W.2d 828, 833 (1993). Also, the purpose of service under these circumstances is simply to provide notice. Here, the record does not implicate a case-initiating event that has due process and personal jurisdiction concerns of the sort parties and courts face every day when commencing actions under Ark. R. Civ. P. 3 and 4, for example. *See Ark. Contractors Licensing Bd. v. F&F Concrete Prods., Inc.*, 297 Ark. 508, 763 S.W.2d 86 (1989) (holding that service of an order of an administrative agency need not comply with law regarding service of summons). The statute was met in this case because Caldwell received notice of the order on 20 May 2022 and even expressed their intent (through counsel) to appeal. But they did not *timely* appeal and instead waited more than thirty days after receiving the May 20 order to petition the circuit court for review. Finally, the Commission disagrees that the May 20 order was not final. It explains that the order did not issue a remand or contemplate further proceedings; it simply issued a final directive to the Board to enforce the thirty-day suspension in

6

accordance with its final decision.

We hold that the circuit court did not err in finding the petition untimely. We cannot ignore the role of counsel on this record. To do so would, as the Commission noted, "contradict[] both the standard of practices in the State of Arkansas and the entire purpose of having an attorney to represent a party." Caldwell's argument about failing to serve an out-of-state defendant also stumbles because it is based on the rules of civil procedure for serving a summons, and the supreme court has held that an order of an administrative agency need not comply with law regarding service of summons. *F&F Concrete*, *supra*. Caldwell was represented at the administrative hearing, and counsel received the Commission's ruling by email and even indicated an intention to appeal. There was no surprise; there was no objection to "service"; and there was no prejudice on the way to circuit court.

Caldwell also says that the May 20 order was not final and that they did not receive the "final" order until May 24. The May 20 order did not issue a remand or contemplate further proceedings; it simply issued a final directive to the Board to enforce the penalty in accordance with its final decision. More pointedly, Caldwell cites record page 1165 for the Commission's "final order setting the dates for the suspension." The entirety of the text found on record page 1165 is as follows:

> Ruling 2020-OP-41 Modified
>
> The Arkansas Racing Commission heard the appeal of Stewards' ruling 2020-OP-41 on April 16, 2022. As a result of this hearing Federico Villafranco is suspended for thirty calendar days, from Dec 9, 2022 to January 7, 2023 inclusive, for violation of ARC Rule #1233. During the period of his suspension Mr. Villafranco is denied the privileges of all facilities under the jurisdiction of the Arkansas Racing Commission.

7

Villafranco -Phone- 405-664-2523

There is no heading or any other indication in this document that it is a ruling from the Board, and the document is not dated. We are not persuaded that there was some "finality" issue with the substantive May 20 order from which the appeal clock started ticking.

We hold that Caldwell received actual notice of the Commission's final order on May 20 through counsel. *See F&F Concrete*, *supra* (explaining that corporation received adequate service of administrative order where it was undisputed that order was mailed and that corporation received notice of it). We also hold that the Commission's May 20 order was final for the purpose of starting the appeal deadline in circuit court. Given these decisions, the petition for judicial review was untimely filed in circuit court. This means that court lacked jurisdiction to rule on the additional arguments Caldwell raised. So, too, we lack jurisdiction beyond the task of deciding the threshold question of whether the circuit court had jurisdiction to review the Commission's decision; as we have explained, it did not, so the Commission's decision is affirmed.

Affirmed.

TUCKER and THYER, JJ., agree.

*Brewster & De Angelis, PLLC*, by: *Clark O. Brewster*, *pro hac vice*, and *Joseph C. De Angelis*, *pro hac vice*; and *Kenton C. Cobb*, for appellants.

*Mitchell, Willliams, Selig, Gates & Woodyard, PLLC*, by: *Byron Freeland* and *Cara D. Butler*, for appellee.